<hr/>

## JOHN MURPHY

### *vs.*

## DANIEL PURDY.

Under *Ch.* 66, *Sec.* 1, *Laws* 1867, an affidavit for an attachment stating "that the defendant, as deponent verily believes, is about to assign, secrete or dispose of his property, with intent to delay and defraud his creditors," is insufficient. The statement should be positive and not upon belief.

The plaintiff in this case appeals from an order of the District Court for Winona county, vacating a writ of attachment issued in the action, on the ground that the affidavit upon which it was granted and issued was insufficient. The material portion of the affidavit appears in the opinion of the Court.

C. G. Ripley for Appellant.

E. Hill for Respondent.

*By the Court*—McMillan, J.—This is an appeal from an order vacating an attachment, on the ground of the insufficiency of the affidavit.

The affidavit upon which the attachment was allowed stated as the ground for the attachment, "that the defendant, as deponent verily believes, is about to assign, secrete or dispose of his property, with intent to delay and defraud his creditors." The statute in force at the time, regulating the allowance of writs of attachment, so far as applicable to this case, is in the following language:

"The writ of attachment shall be allowed whenever the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof; and that the plaintiff's debt was fraudulently contracted, or that the defendant is either a foreign corporation, or not a resident of this State, or has departed therefrom, as deponent verily believes, with intent to defraud or delay his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent, or has assigned, secreted or disposed of, or is about to assign, secrete or dispose of his property with intent to delay or defraud his creditors." *Laws* 1867, *ch.* 66, *sec.* 1, *p.* 110.

This is an amendment of, and substitute for *sec.* 130, *tit.* 9, *ch.* 66, *Gen. Stat.*

Under the original statute, which provided that the warrant may be issued "whenever it appears by affidavit that a cause of action exists," &c., it was held that the facts upon which the writ is based must be made to appear by legal evidence. See *Curtis vs. Moore*, 3 *Minn.*, 39. The question to be determined is whether the statements in the affidavit are to be positive, as of the affiant's knowledge, or whether a statement of the belief of the fact by him is sufficient. It is evident that if the statute is so construed as to require a positive statement of the facts required as a basis for the attachment, it would be a great modification of the original statute, and it could not be said that the change would be without purpose. We are then to refer for the intention of the legislature to the language of the law itself, and if that is plain and unambiguous, we must follow it. There would seem to be no doubt whatever that a positive statement is required of the facts that a cause of action exists, specifying amount of the claim, and the ground thereof, and that the plaintiff's debt was fraudulently contracted; that the defendant is a foreign corporation, or is not a resident of this State. Then follows other substantive grounds for the attachment, entirely independent of each other, either one of which is sufficient in connection with the statement that a cause of action exists, specifying the amount of the claim and the grounds thereof, to warrant an attachment. These are: (1.) The departure of the defendant from the State, with intent either to defraud or delay his creditors, or to avoid the service of a summons. (2.) The defendant's keeping himself concealed within the State with like intent. (3.) The defendant's having assigned, secreted or disposed of his property with intent to delay or defraud his creditors; and (4.) His being about to

assign, secrete or dispose of his property, with intent to delay or defraud his creditors.

If in framing this statute these grounds of the attachment had been specified, or marked as subdivisions of the section, there would perhaps be no difference of opinion as to the fact that the words " as deponent verily believes," would qualify at most only the fact of the departure of the defendant from the State, with the intent specified, or if there had been a semi-colon after the word " summons ", the intention would have been as apparent.    Can the fact that a comma is inserted instead of a semi-colon, change the result ?    Punctuation in law is not paramount, and where from the language and the subject matter, the intention is clear, it will prevail without the concurrence, and even against the punctuation.

But here it is not against the punctuation, but only without its aid, that we discover from the subject matter that the departure of the defendant from the State with the intent specified, is a separate and distinct ground of attachment, and that the words " as deponent verily believes," used in stating it, at most, qualifies it only.    The remaining grounds for an attachment are required to be stated without qualification.    It is true these embrace questions of intent, which are strictly matters of belief, but they also include facts which may be positively known.

Under such circumstances, it is for the legislature, not for us, to discriminate.    Where the intention of the law is apparent, we cannot change it.    We think under this statute the statement in the affidavit of the ground of attachment should have been positive.

The order setting aside the attachment is affirmed.