Ely v. Titus.

## LEWIS S. ELY

*vs.*

## GILES A. TITUS.

The decision in *Murphy vs. Purdy*, 13 *Minn.*, 423, approved and applied to this case.

An order or decision which constitutes part of the record, if appealable, need not be excepted to in order to entitle the appellant to have it reviewed by the appellate court.

This action was commenced in the District Court for Dodge County, and a writ of attachment issued. The defendant made a motion to set aside the attachment on the ground, among others, of insufficiency of the affidavit. The motion was denied, and the defendant appeals from the order denying the same to this Court. In this Court the plaintiff urges as an objection to the consideration of the appeal, that no exception was taken to the order of the Court below appealed from. The affidavit sufficiently appears in the opinion of the Court.

A. J. EDGERTON for Appellant.

JOHN WARE for Respondent.

*By the Court.*—McMILLAN, J.—In considering the sufficiency of an affidavit for an attachment made under the existing statute, we held in *Murphy vs. Purdy*, that the departure of the defendant from the State, with the intent specified in the statute, constitutes a separate and distinct ground

vol. xiv.—9.

of attachment, and that the words "as deponent verily believes" in the statute, qualifies that ground only; that the remaining grounds for an attachment are required to be stated without qualification.  13 *Minn.*, 425.

The language of the affidavit for the attachment in the case at bar is, "the deponent further says, that he verily believes that the said defendant Giles A. Titus has assigned, secreted, or disposed of his property, with intent to delay and defraud his creditors."

Under the decision cited, the affidavit in this case is insufficient.  There is a palpable difference between the statute under consideration, and that relating to attachments in justices' courts.  The respondent urges, "that no exception having been taken to the order of the Court sustaining the attachment, no question is raised for the Supreme Court to review.  Such omission is deemed a waiver."  This is not correct.  When the order or decision constitutes part of, and appears upon the record, if appealable, it may be reviewed; but to decisions upon matters of law, made upon the trial in the progress of a cause, exceptions must be taken and properly settled, or they will not be considered in the appellate court.

The authorities cited by the respondent, all refer to exceptions of this class.  In this case, the defendant moved to dissolve and vacate the attachment, among other grounds, upon the insufficiency of the affidavit.  The Court denied the motion, and sustained the attachment.  This order under our statute is appealable.  *Gen. Stat.*, *Ch.* 86, *Sec.* 8, *subdivision* 2, *p.* 577.

There are other objections urged to the sufficiency of the affidavit for the attachment in this case, which we need not consider.

The order sustaining the attachment is reversed.