CHARLES C. BENNETT, Assignee, *vs.* H. R. DENNY.

July 8, 1885.

Insolvency — Fraudulent Intent of Assignor and Assignee. — *In re Mann*, 32 Minn. 60, and *Simon* v. *Mann*, *ante*, p. 412, adhered to and followed. An assignment under our insolvent law is not invalidated by the fraud of the assignee.

Same—Jurisdiction of District Court—Attachment.—The attachment of the property of the debtor assignor gives the district court jurisdiction of the assignment,—a jurisdiction which cannot be attacked collaterally (if it can in any way) by showing that the attachment was collusive or fraudulent.

Same—Attachment by United States Marshal—Refusal to Dissolve—Remedy of Assignee.—Prior to the making of an assignment, but on

the day when it was made, the defendant, as United States marshal, by virtue of process of the circuit court against the assignor. attached the assigned property. The assignee made application to the circuit court to be permitted to intervene in the action in which the attachment issued, and to become a party defendant therein, and for the dissolution of the attachment. Leave to intervene and become a party defendant was granted, but the motion to dissolve the attachment was denied. *Held*, that such denial does not bar or prevent the assignee from proceeding against the marshal as for the conversion of the assigned property, though the attachment remains undissolved.

On December 31, 1883, a writ of attachment, issued from the district court for Hennepin county, was duly levied on a portion of the stock of Van Norman & Brother, a copartnership doing business at Minneapolis. On the same day Van Norman & Brother made an assignment to plaintiff under the insolvent law. Laws 1881, *c.* 148. On the same day, a writ of attachment was issued in an action against Van Norman & Brother, in the United States circuit court for the district of Minnesota, by virtue of which writ the defendant, the marshal of the district, levied upon and took into his possession the stock in trade of Van Norman & Brother. Thereupon the plaintiff, as assignee, brought this action against the marshal, in the district court for Ramsey county, to recover the value of the stock. The defendant justified the taking under the writ, charged that the attachment in the state court and the assignment based on it were collusive and fraudulent as to creditors, and further alleged that after his levy the plaintiff in this action appeared in the action in the United States circuit court, moved to dissolve the attachment, (which motion was denied,) and was allowed to and did intervene in that action, which is still pending. (See *Lapp* v. *Van Norman,* 19 Fed. Rep. 406.)

At the trial, before *Brill*, J., and a jury, the court ruled that the plaintiff was entitled to recover the value of the property taken by defendant, and the jury returned a verdict for plaintiff. A new trial was refused and the defendant appealed.

*C. D. O'Brien,* for appellant.

The assignment to plaintiff is void as against defendant, being made with fraudulent intent on the part of the assignor and assignee, and being founded upon a collusive and fraudulent attachment. Drake

on Attachment, § 273; *Owen* v. *Dixon*, 17 Conn. 492; *Damon* v. *Bryant*, 2 Pick. 411; *Pratt* v. *Wheeler*, 6 Gray, 520; *Thayer* v. *Willet*, 5 Bosw. 344; *Fallon* v. *McCunn*, 7 Bosw. 141; *Rinchey* v. *Stryker*, 28 N. Y. 45; *Hall* v. *Stryker*, 27 N. Y. 596; *Hutchinson* v. *Lord*, 1 Wis. 286; *Bogert* v. *Phelps*, 14 Wis. 88; *Lapp* v. *Van Norman*, 19 Fed. Rep. 406.

The refusal of the United States court to vacate the attachment by defendant constituted, to that extent, a judgment which was binding upon plaintiff and protected defendant in his levy. Drake on Attachment, § 426; 1 Greenl. Ev. § 532; 1 Starkie, Ev. 258; *Eastman* v. *Cooper*, 15 Pick. 276; *Bigelow* v. *Winsor*, 1 Gray, 299; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436; *Green* v. *Clarke*, 12 N. Y. 343; *King* v. *Chase*, 15 N. H. 9; *Robinson* v. *Leavitt*, 7 N. H. 73; *Calhoun* v. *Dunning*, 4 Dall. 120; *Vooght* v. *Winch*, 2 B. & A. 662; *Outram* v. *Morewood*, 3 East, 346; *Blakemore* v. *Canal Co.*, 2 Cr. M. & R. (Exch.) 133; *Strutt* v. *Bovingdon*, 5 Esp. 56.

Plaintiff, having, upon his own motion, become a party to the proceedings in the United States court, cannot proceed against defendant in trover in the state court while the attachment remains undissolved. *Buck* v. *Colbath*, 3 Wall. 334; *Taylor* v. *Carryl*, 20 How. 583; *Freeman* v. *Howe*, 24 How. 450; *Peck* v. *Jennes*, 7 How. 612; *Hagan* v. *Lucas*, 10 Pet. 400; *Wallace* v. *McConnell*, 13 Pet. 136.

*Merrick & Merrick* and *A. L. Levi*, for respondent.

BERRY, J. The holding of this court (*In re Mann*, 32 Minn. 60,) that an assignment under our insolvent law is not invalidated by the fraudulent intent of the assignor, has recently been followed and sanctioned in *Simon* v. *Mann*, ante, p. 412, and we see no occasion to re-examine it. In the case at bar fraud is charged upon the assignee as well as the assignor, and in that particular the defendant claims that it differs from *In re Mann*. But we agree with the trial court that the difference is unimportant, and that the principle of *In re Mann* is applicable to fraud of the assignee also. The considerations presented in the opinion in that case, except such as relate to the criminal or penal liability of the assignor, are entirely applicable to fraud of the assignee; and in addition to what is there said it is to be observed that, by section 9 of the insolvent law, the court in which

the assignment may be said to be pending, is authorized "*for any proper cause*" to remove an assignee and appoint another in his stead, and is required to *order* a removal upon the vote of two-thirds in number and amount of the creditors.　This provision appears to be based upon the idea that the assignment may be made to an incompetent, dishonest, or otherwise unfit assignee, and that, nevertheless, the assignment shall stand, and the property be distributed among the creditors under it.　It is also said that this case is distinguished from *In re Mann* by the fact that here the attachment upon which the assignment was based was collusive and fraudulent.　Whether there is any way in which fraud in such an attachment can be taken advantage of to upset an assignment, we need not now inquire.　Certainly the attachment gives the district court jurisdiction of the assignment, and that jurisdiction cannot be attacked collaterally, as is attempted to be done in this instance.

It remains to consider the effect of the action of the federal circuit court.　It seems that, prior to the making of the assignment in question, the defendant, as United States marshal, by virtue of process of the circuit court, had attached the assigned property.　The plaintiff (the assignee) made application to the circuit court to be permitted to intervene in the action in which the attachment issued, and to become a party defendant therein, and for the dissolution of the attachment.　Upon a hearing, leave to intervene and become a defendant was granted, but the motion to dissolve the attachment was denied.　It is contended by defendant, if we understand him, that the order refusing to dissolve the attachment was a species of *judgment* in favor of his right to hold the goods attached under the writ of attachment, and that the plaintiff, having become a party to the proceedings in the circuit court, cannot proceed against the marshal for the conversion of the assigned property while the attachment is undissolved.　This contention overestimates the force and effect of the order refusing to dissolve an attachment.　It was merely "the decision of a motion or summary application," which "is not to be regarded in the light of *res adjudicata*, or as so far conclusive upon the parties as to prevent their drawing the same matter in question again in the more regular form of an action."　*Kanne* v. *Minn. & St.*

*L. Ry. Co.*, *ante*, p. 419.    It was a decision, not upon a right of property, but upon the question whether, upon the facts before the court, an attachment should be dissolved.    By becoming a party defendant to the suit in the circuit court, the plaintiff probably put himself in a position to contest the existence of the cause of action which was the subject of that suit.    But that subject was not whether the attachment was valid and proper or not, or where the right of property in the attached goods was.    These questions he was at entire liberty to raise and litigate in any other proper tribunal.    So far as we are able to discern, these views are in entire harmony with *Buck* v. *Colbath*, 3 Wall: 334, relied upon by defendant.

Order affirmed.