NILS JOHNSON *vs.* PAT. BRAY, impleaded, etc.

May 28, 1886.

**Insolvency—Dissolution of Attachments.**—When an assignment is made under Laws 1881, *c.* 148, (insolvent law,) no order of court is necessary to vacate prior attachments against the assignor's property. The insolvency proceedings themselves work the dissolution.

**Same—Service of Affidavit on Sheriff.**—Gen. St. *c.* 66, § 154, has no application to a case where an assignee under the insolvent law claims from the sheriff property of the assignor taken prior to the assignment, on attachment against the debtor, but which has been dissolved by the subsequent insolvency proceedings.

**Same—Filing of Bond of Assignee.**—If the assignee seasonably executes his bond, and delivers it to the judge of the district court for approval, his rights as assignee will not be affected by the fact that the judge retains possession of the bond until after the expiration of the time within which it should be filed with the clerk of the court.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial. The action was tried, without a jury, by *Koon*, J., who found the following as facts, viz.:

On February 21, 1884, the defendant, Bray, as sheriff of Sibley county, by virtue of a writ of attachment issued in an action against one George L. Zimmerman, levied upon and took into his possession certain personal property belonging to Zimmerman. On the same day Zimmerman made an assignment for the benefit of his creditors, under the provisions of Laws 1881, *c.* 148, to the plaintiff, Nils Johnson. This assignment, with a schedule of debts, was filed in the office of the clerk of the district court for Sibley county, on February 26, 1884, and a schedule of assets was duly filed on February 27, 1884. Thereafter, and prior to March 1, 1884, the plaintiff delivered his bond, as assignee, to the judge of the district court, who, on March 1, 1884, indorsed his approval thereon. The judge of the district court retained the bond in his possession until March 8, 1884, when he delivered it to the clerk of the district court, who indorsed upon it: "Filed, March 8, 1884." Thereafter the judge of the district

court made an order directing the clerk to change the date of the indorsement of filing the bond from March 8, 1884, to March 3, 1884, which was done. After the execution and filing of the assignment, schedules, and bond, the plaintiff verbally demanded from the defendant Bray the delivery to him of the property attached, which demand was not complied with. No other than a verbal demand was made on the defendant, and no motion was ever made to dissolve the attachment under which he levied upon and held the goods.

*Samuel Morrison* and *Morton Barrows,* for appellant.

*Albert Knittle* and *A. B. Jackson,* for respondent.

MITCHELL, J. Laws 1881, *c.* 148, § 1, (insolvent law,) provides that "upon the making of such assignment [of all the debtor's property as therein provided] all attachments * * * so made shall be dissolved upon the appointment and qualification of an assignee or receiver, and thereupon the officers shall deliver the property attached or levied upon to such assignee or receiver, unless the assignee shall, within five days after such assignment," etc. We are of opinion that the effect of an assignment and the appointment and qualification of an assignee or receiver under this statute is *ipso facto* to dissolve the attachments referred to, unless the assignee, within the time named, elects to retain them for the benefit of all creditors. No order of the court vacating the attachment is necessary, but the proceedings in bankruptcy, of themselves, work its dissolution, so that it is no longer of any force or effect. This is similar to the provisions of the late federal bankrupt act, and of those state insolvent laws which contain this feature of making attachment liens give way to the proceedings under the insolvent or bankrupt act. This was impliedly held in *Bennett* v. *Denny,* 33 Minn. 530, (24 N. W. Rep. 193,) although the point was not expressly made in that case. It is undoubtedly true that while an officer holding the property of the debtor under attachment is bound to know the principle of law that certain proceedings under this statute work a dissolution of the writ, yet he is not bound to know the existence of the facts upon which that result depends. Hence, before he can be held as a wrong-doer for not delivering possession of the property to the assignee, the existence of these facts must be

brought to his knowledge in some orderly and authentic way. But no such question is before us.

2. We are also of opinion that the provisions of Gen. St. 1878, c. 66, § 154, have no application to this case. It has been repeatedly held by this court that this section applies only to cases where the property has been levied upon by the sheriff while in the possession of the defendant in the process, under circumstances which created *prima facie* presumption of ownership in him. *Barry* v. *McGrade,* 14 Minn. 126, (163;) *Butler* v. *White,* 25 Minn. 432; *Tyler* v. *Hanscom,* 28 Minn. 1, (8 N. W. Rep. 825;) *Ohlson* v. *Manderfeld,* 28 Minn. 390, (10 N. W. Rep. 418.) The evident purpose of the statute is to protect the sheriff in cases where, induced by the apparent ownership of the defendant in the process, he levies upon property which is subsequently claimed by a stranger as having been his at the time of the levy. But here the property was in fact the property of the defendant in the process at the time of the levy, and hence was lawfully attached, but the subsequent insolvency proceedings have dissolved the lien of the attachment, which the law says must give way to the more general sequestration of the debtor's property for the benefit of all his creditors. The case is not within the mischief of the statute.

3. The plaintiff accepted the trust, and executed his bond with sureties, and delivered it to the judge of the district court for his approval some days before the expiration of the time within which the statute requires an assignee's bond to be filed. The judge indorsed his approval, but retained the bond so indorsed in his possession until some three days after the time it should have been filed, and then delivered it to the clerk of the court, who indorsed it as filed that day, but, by order of the judge, subsequently changed the indorsement of the time of filing to a date five days earlier. Without deciding what effect it might have had on plaintiff's right or title to the position of assignee had he been in default, we are of opinion that, having done all that he could do in the premises, his rights cannot be affected by the act of the judge in holding the bond until after the expiration of the time within which it should have been filed.

Order affirmed.