THADDEUS FAIRBANKS and others vs. B. K. WHITNEY, Garnishee, impleaded, etc.

December 29, 1886.

Garnishment—Assignment in Insolvency. A garnishment is not superseded or dissolved by a subsequent assignment, at common law, or under Gen. St. 1878, c. 41, nor by an assignment under our insolvent act of 1881, filed more than 10 days after the garnishment proceedings are instituted.

In this action, pending in the district court for Faribault county, the garnishee summons was duly served on November 7, 1885. From the disclosure of the garnishee it appeared that he had at this time certain notes belonging to the defendant in his possession. It also appeared that on November 16, 1885, the defendant made an assignment to the garnishee of all his property for the benefit of his creditors, which assignment was intended to be made under the provisions of Laws 1881, c. 148. The assignment was not filed in the office of the clerk of the court till November 24, 1885. Upon these facts the court, *Severance*, J., presiding, ordered judgment in favor of the plaintiffs against the garnishee, from which judgment the garnishee appeals.

*Benjamin G. Reynolds*, for appellant.

*Andrew C. Dunn* and *William Louis Kelly*, for respondents.

BERRY, J.[1] The summons in this action was served on Goodwin, the principal defendant, on November 7th, and on the same day the garnishment summons was served on Whitney, the garnishee. On November 16th Goodwin executed an assignment for benefit of creditors to Whitney, which, however, was not filed with the clerk of the district court until November 24th.

The garnishment takes precedence of the assignment whether the latter is, as claimed by plaintiff, a common-law assignment under Gen. St. 1878, c. 41, or, as held by the trial court, one under our insolvent act of 1881. Laws 1881, c. 148. If it is the former, then

[1] Mitchell, J., was absent, and took no part in this case.

v.36M—20

the garnishment takes precedence, because neither the common law nor chapter 41 gives an assignment any effect to supersede or dissolve a prior garnishment or other attachment. In such case the maxim, *qui prior in tempore,* etc., is decisive. If, however, the assignment is under the insolvent act, the garnishment is not superseded or dissolved, because not made within 10 days before the filing of the assignment in the clerk's office, for it is only garnishments made *within that period* which an assignment under the insolvent act *ipso facto* dissolves. Laws 1881, *c.* 148, § 1. See *Johnson* v. *Bray,* 35 Minn. 248, (28 N. W. Rep. '504.)

The provision of section 23, chapter 41, *supra,* which makes assignments "void" "until" "filed" in the proper clerk's office, (see *Kingman* v. *Barton,* 24 Minn. 295,) is made applicable to assignments under the insolvent act by section 1 of that act, which enacts that assignments under it "shall be made in accordance with, and be governed by, the laws of the state of Minnesota relating to assignments made by debtors, except as herein provided." *In re Mann,* 32 Minn. 60, (19 N. W. Rep. 347;) *Simon* v. *Mann,* 33 Minn. 412, (23 N. W. Rep. 856.) As to how assignments shall be made and perfected there is no provision in the insolvent act except by this reference to Gen. St. 1878, *c.* 41.

Judgment affirmed.