In the Matter of AXEL B. VAN NORMAN and another, Insolvents.

October 18, 1889.

**Election between Remedies—Unsuccessful Claim.**—A mere attempt to claim a right or pursue a remedy to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had a right to claim or resort to. The doctrine of election between inconsistent rights or remedies has no application to such a case.

**Same—Attaching Creditors, unsuccessfully Contesting Assignment in Insolvency, Allowed to Prove Claim.**—Rule applied to a case where an attaching creditor, contesting the validity of an assignment executed by his debtor pursuant to the insolvent law of 1881, refused to surrender the assigned property to the assignee, and defended an action brought by the assignee, in which judgment was finally rendered in favor of the assignee for the value of the property and costs, which the creditor then paid in full, holding that the creditor was not debarred from presenting his claim for allowance, and sharing in the benefit of the assignment.

Appeal by Peter Lapp and Lemuel W. Flerschem, partners as Lapp & Flerschem, from an order of the district court for Hennepin county, *Young*, J., presiding, rejecting their claim against the estate of Van Norman Bros., insolvents, the claim having been previously disallowed by Charles C. Bennett, the assignee.

*C. D. & Thos. D. O'Brien*, for appellants.

*Merrick & Merrick*, for respondent, (the assignee.)

MITCHELL, J.   The appellants, Lapp & Flershem, commenced an action in the United States circuit court against Van Norman Bros.,

in which they caused an attachment to be issued and levied by the United States marshal on the property of the defendants. On the same day Van Norman Bros. executed to the respondent Bennett an assignment of all their property for the benefit of creditors, pursuant to the provisions of the insolvent law of 1881. The assignee, having duly qualified, demanded possession of the property from the marshal, who, acting under the instructions of appellants, by whom he was indemnified, refused to surrender it. The assignee then made a motion in the United States circuit court to dissolve the attachment, which was opposed by the appellants, and denied by the court. *Lapp* v. *Van Norman*, 19 Fed. Rep. 406. Appellants then prosecuted their action against Van Norman Bros. to judgment, upon which they caused execution to be issued, and the attached property to be sold. In the mean time the assignee Bennett brought an action against the marshal in the district court of the state, to recover the value of the property, which was defended nominally by the marshal, but in fact by appellants, who were the real parties in interest, on the ground that the assignment was void, both because of the fraud of the assignors and also that the statute under which it was made was unconstitutional. This action resulted in a judgment for over $5,000 against the marshal, which, on appeal, was affirmed by this court, (*Bennett* v. *Denny*, 33 Minn. 530, 24 N. W. Rep. 193,) and on writ of error the judgment of this court was affirmed by the supreme court of the United States, (*Denny* v. *Bennett*, 128 U. S. 489; 9 Sup. Ct. Rep. 134.) The appellants then paid in full to the assignee the judgment against the marshal, amounting to over $7,000, damages and costs, and then presented to the assignee for allowance in the insolvency proceedings their claim against Van Norman Bros. The insolvent estate had not yet been distributed, nor had the time for the presentation and allowance of claims expired. The assignee disallowed the claim, which action, on appeal, was sustained by the district court, and from this order this appeal is taken.

It is not pretended that there is any provision in the insolvent law debarring a creditor from proving his claim under such circumstances. Hence, if appellants are debarred, it must be on the ground that they had elected to pursue an inconsistent remedy, or to claim an

inconsistent right. It was exclusively on this ground that the court below based its decision, and this is the only ground urged here by the respondent. But it seems to us that the doctrine of election between inconsistent rights or remedies has no application to the facts of this case. The appellants never in fact had any election of rights or remedies. Their action was a mere futile attempt to assert a right which they never possessed, in which they were defeated, and compelled to make restitution to the insolvent estate of what they had wrongfully withheld from it. If the appellants were claiming a benefit under one provision of the assignment which was advantageous to them, but objecting to another provision as invalid, which was against their interest, we can see how the familiar principle might apply, that one who accepts a benefit under an instrument must adopt it as a whole, and cannot adopt the part beneficial to him and reject the rest. Or if the assignment had been voidable, at the election of appellants, on the ground of fraud on part of the assignors, and, having previously accepted a benefit under its provisions, they were now attempting to impeach it as fraudulent, it is very clear that they would be estopped from doing so on the familiar principle that they had elected to ratify, and that such election, when once made, is irrevocable. This is all there is of the case of *Moller* v. *Tuska*, 87 N. Y. 166, so much relied on by respondent. Or if the appellants still held the proceeds of the assigned property, and the suit against the marshal was still pending and undecided, we can see why this might be good ground for disallowing their claim, under the familiar maxim that a "party cannot blow hot and cold at the same time." Or, again, if appellants had prevailed in their suit against the marshal, and then elected to retain the property, and rely on their attachment, rather than on the provision made for them in the assignment, this would doubtless have amounted to a waiver and disaffirmance of the trust. But none of the cases supposed are at all analogous to the case at bar, which is simply one where a party has made a fruitless attempt to assert a right which he never possessed, and, being beaten, has made full restitution and compensation for the wrong which he committed. The rule is as undoubted as it is familiar that, where a party *has* inconsistent rights or remedies, he

may claim or resort to one or the other, at his election, and that when once made his election is irrevocable. But we think it is equally true that a mere attempt to pursue a remedy or claim a right to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to or claim; and this proposition, if sound, fully covers this case.

Considerable stress is laid upon the supposed injustice of allowing a creditor who contests the validity of an assignment, delays the distribution of the estate, and puts it to the expense of protracted litigation, when defeated, to come in and share in the benefit of the asssignment equally with creditors who have all the time occupied a friendly attitude. In view of the policy and purposes of the insolvent law it might have been advisable for the legislature to have incorporated in it some provision similar to that attempted to be applied in this case; but they have not done it, and the courts have no right to do it. And we know of no principle of law which imposes upon a party any other or greater penalty for attempting to assert a right to which he is not entitled than the judgment for damages and costs awarded against him in the action. However short of it in fact, yet in contemplation of law the payment by appellants of the judgment against the marshal for damages and costs constituted full compensation for the wrong done the insolvent estate. At least it is all the law allows. Moreover, the length or expense of the litigation does not affect the principle involved. If the doctrine of election invoked applies, a single act for a single day, hostile to the assignment, would have amounted to a complete election, which, when once made, would be irrevocable. Hence, if the United States circuit court had, against the opposition of appellants, dissolved their attachment, and they had then abandoned the contest, they would, according to respondent's contention, have been as completely barred from proving their claim as if the litigation had been continued for years.

We are of opinion that the court below erred in affirming the action of the assignee in rejecting appellants' claim. It should be allowed, however, on the basis of its amount as it existed at the date

of the assignment, and not of the judgment subsequently rendered in the United States circuit court. Neither should it include the costs of the attachment, which fell with the levy, which, by operation of law, was dissolved by the execution of the assignment.

Order reversed.