JOHN L. MACDONALD, Assignee, *vs.* FIRST NATIONAL BANK OF CORUNNA, MICHIGAN.

July 28, 1891.

**Insolvency — Avoidance of Preference to Non-Resident Creditor. —**
Our state insolvent law is effectual as to non-residents of the state, so far as to control the disposition of property within our jurisdiction. A preferential conveyance of property here situate, by contract made here, may be avoided under that law, notwithstanding the non-residence of the creditor preferred.

Plaintiff, as receiver in insolvency of the J. H. Mahler Company, brought this action in the district court for Ramsey county, to avoid as an unlawful preference a transfer, by the insolvent to the defendant, of certain wagons, etc., of the value of $2,500. The defendant appeals from a judgment for plaintiff, entered on the decision of *Brill,* J., before whom the case was tried, without a jury.

*W. A. Sperry* and *Lewis L. Wheelock,* for appellant.

*J. L. Macdonald,* for respondent.

DICKINSON, J. This action by the assignee (under our insolvent law) of an insolvent debtor is for the purpose of avoiding a transfer of personal property executed in writing by the insolvent to the defendant, a creditor, as security for the debt. The conditions under which this was made were such that, by force of the insolvent law, it was avoided by the insolvency proceedings, as an unlawful preference, unless that result is affected by the fact that the defendant, thus preferred, was a non-resident of the state. The contract was made in this state, and the property in question was and still remains here. The defendant (appellant) disclaims making any attack upon the validity of the law, or of the assignment; but relies upon the proposition that, by reason merely of its non-residence, the insolvent law had no effect to avoid its contract.

This position of the defendant cannot be sustained. The contract in question, made in this state concerning property here, and to be executed here, was subject to the law under which it was made. Its

legal effect in no respect depended upon the residence of the parties. The law under which it was made declared that, under certain specified conditions, (which are found to have existed,) such a contract should be void,—legally ineffectual as a transfer of the property. The legal effect of invalidity followed from the conditions specified in the law, and which the parties must be deemed to have had in contemplation. That law makes no exception in favor of non-residents entering into such contracts here. The property is still here, subject to our jurisdiction. As to that property, the court is exercising its jurisdiction in the enforcement of the law under which the contract was made. This enforcement of the law, by the legal appropriation of the property within our jurisdiction to the payment of the debts of the insolvent, does not involve the giving of an extraterritorial effect to the statute.

The appellant relies, in support of its contention, upon *Ogden* v. *Saunders*, 12 Wheat. 213, and other decisions of the same court, and upon what is said in *Wendell* v. *Lebon*, 30 Minn. 234, (15 N. W. Rep. 109.) But a later decision of the supreme court of the United States removes whatever seeming support the language of prior decisions may have afforded for such a proposition as that here contended for. *Denny* v. *Bennett*, 128 U. S. 489, (9 Sup. Ct. Rep. 134.) That was an action for conversion, prosecuted by the assignee of an insolvent debtor against the United States marshal, who, after the assignment under our insolvent law, and after the assignee had acquired actual or constructive possession of certain personal property embraced in the assignment, seized the same by virtue of an attachment issued out of the circuit court of the United States, in an action against the insolvent by non-residents of this state. The plaintiff recovered judgment in this court,—*Bennett* v. *Denny*, 33 Minn. 530, (24 N. W. Rep. 193,)—which was affirmed in the supreme court of the United States. That court stated the principal question to be decided as being whether our insolvent law was repugnant to the constitution of the United States, so far as it affects citizens of other states. The argument of the plaintiff in error was to the point (aside from that based on the doctrine of the inviolability of contracts) that such a statute can have no extraterritorial operation, and

cannot, therefore, be binding on creditors living in a different state from that of the debtor and of the *situs* of his property; and that is the point of the appellant's argument in this case. The court, referring to its former decisions, including *Ogden* v. *Saunders*, said (p. 497:) "The proposition lying at the foundation of all these decisions is that a statute of a state, being without force in any other state, cannot discharge a debtor from a debt held by a citizen of such other state. * * * The substance of the restrictive principle goes no farther than to prohibit, or to make invalid, the discharge of a debt held by a citizen of another state than that where the court is sitting, who does not appear and take part, or is not otherwise brought within the jurisdiction of the court granting the discharge. In other words, whatever the court before whom such proceedings are had may do with regard to the disposition of the property of the debtor, it has no power to release him from the obligation of a contract which he owes to a resident of another state who is not personally subjected to the jurisdiction of the court. Any one who will take the trouble to examine all these cases will perceive that the objection to the extraterritorial operation of a state insolvent law is that it cannot, like the bankrupt law passed by congress under its constitutional grant of power, release all debtors from the obligation of the debt. The authority to deal with the property of the debtor within the state, so far as it does not impair the obligation of contracts, is conceded; but the power to release him, which is one of the usual elements of all bankrupt laws, does not belong to the legislature where the creditor is not within the control of the court. The Minnesota statute makes no provision for any such release. The creditor who became such after the statute was passed cannot complain that the obligation of his contract is impaired, because the law was a part of the contract at the time he made it. * * * " This decision recognizes our insolvent law as being effectual as to the non-residents as well as to residents of the state, so far as it controls the disposition of property within our jurisdiction. The decision in *Wendell* v. *Lebon* is to the same effect, and is an authority opposed to the contention of the appellant here.

Judgment affirmed.