## JOHN O'CONNOR *v.* SARAH E. CLOPTON AND HUSBAND.

1. USURY.  *Action to recover usurious interest.*
One who has paid usurious interest may recover it by an action at law.

2. SAME.  *Liability of agent receiving usurious interest.  Notice.*
An agent who has received usurious interest for his principal, and been notified that he will be held accountable for it to the party having paid it, cannot escape liability therefor, on the ground that the suit should be against his principal.

APPEAL from the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

Sarah E. Clopton and her husband sued John O'Connor upon two counts, one for money had and received, and the other, a special count, alleging an indebtedness of the defendant to Mrs. Clopton for money collected by him from her as usurious interest.  An exhibit was attached to the plaintiff's declaration, showing the particulars of the demand.  He plead a general denial of the indebtedness charged.

The evidence, upon the trial, disclosed the fact that the plaintiff, in 1877, borrowed some amount of money from the defendant, O'Connor, as the agent of Ennis Church, of New York City, for which they gave their promissory note for $6,000, payable to Church in five years after the date thereof, and to bear ten per cent interest.  Mrs. Clopton made payments of interest and principal on this note, at different times along, till November, 1880, when she made the last payment and took up the note.  Whether the plaintiffs got the full amount for which they gave their note, and whether her payments on the note were in excess of the principal really due and legal interest thereon, were questions controverted in the evidence.  The proof showed that at the time this action was brought O'Connor had in his hands money collected on the note sufficient to meet the demands of the plaintiffs, and he had been notified that they would hold him responsible for the amount of usurious interest which they claimed he had collected from them.

For the plaintiffs the Court gave the following, amongst other, instructions : —

" 2. Money voluntarily paid on a contract which is usurious may be recovered back by the party paying it, and if the jury believe that Mrs. Clopton, or her husband, either, voluntarily paid the amount sued for in this case, and that the note on which the same was paid was usurious, and at a higher rate of interest than ten per cent, then Mrs. Clopton has the right to recover the amount so paid in excess of ten per cent, and the jury will so find."

" 3. Every device or arrangement by which a higher rate of interest is charged than ten per cent per annum, and made to evade the usury laws, is not binding on the party making it."

" 4. If the jury believe, from the evidence, that Mrs. Clopton borrowed from Ennis Church the sum of $5,000, and that she was charged a higher rate of interest than ten per cent per annum, and that Mrs. Clopton paid the amount to defendant O'Connor, and that he was the agent of Church, and that this suit was brought before O'Connor paid the amount over to Church, the jury will find for the plaintiffs, the amount so paid in excess of ten per cent."

" 6. Service of the writ in this case is a sufficient demand or the money."

The jury rendered a verdict in favor of the plaintiffs for $651, and from the judgment thereon the defendant appealed

*Reuben Davis*, for the appellant.

If Church had received usurious money, this suit against O'Connor could not have been maintained. The plaintiffs below should have proceeded by attachment and garnishment. A suit could not be maintained against O'Connor, at law, in person, to recover money he might have in his hands, supposed to belong to another. O'Connor, in such case, would not be debtor; and *assumpsit* proceeds upon the grounds of indebtedness. Both the counts, in this declaration, aver indebtedness by virtue of " money had and received." The testimony shows he did not have — had not received —

one cent of the money of plaintiffs.    But suppose it belonged to Church, and suppose Church owed it; O'Connor could not pay, because O'Connor could not know whether he should pay or not — was not required to take the responsibility of a law-suit with Church; therefore the plaintiffs should have proceeded by attachment.

*Reuben Davis*, also argued the case orally.

*Houston & Reynolds*, for the appellees.

Money voluntarily paid on a usurious contract may be recovered back. — *Bond* v. *Jones*, 8 Smed. & M. 368, 377, authorities cited; 9 U. S. Dig., p. 118, sects. 216, 217, 5 Denio. 236.    Money paid on a usurious contract to an agent may be recovered from such agent, if suit is brought before the money is paid over. — *Yarborough* v. *Wise*, 5 Ala. 294; *Nelson* v. *Sergeant*, 12 Ala. 778; *Bartholomew* v. *Warner*, 32 Conn. 98; *Law* v. *Ann*, 3 Ga. 90; *Heasley* v. *Dunn*, 5 B. Mon. 145; *Butler* v. *Livermore*, 52 Barb. 570; *Elliott* v. *Stuvesant*, 10 Pet. 137.

CAMPBELL, C. J., delivered the opinion of the court.

One who pays usurious interest may recover it by an action at law.

An agent who receives money for his principal, and is notified before he pays it over that he will be held accountable for it to the party paying, cannot shield himself from liability by claiming that the suit should be against his principal.

There is no error in the instructions, and the judgment is affirmed.