WILLIAM SIMPSON *vs.* AMASA S. GARLAND and others.

Penobscot. Opinion May 31, 1884.

*Principal and agent. Promissory notes. Clerk of corporations. Officers de facto.*

The defendants gave the plaintiff a note reading: "$1000. Carmel, April 22, 1876. For value received, we, the subscribers for the Carmel Cheese Manufacturing Co. promise to pay William Simpson, or order, one thousand dollars in six months from date, with interest. F. A. Simpson, Rufus Work, A. S. Garland." *Held,* that an action upon the note could not be maintained against the signers as it did not purport to be their promise but the promise of their principal, and if given without proper authority the agents may be liable in another form of action. Nor could an action of money had and received be maintained against them where they received the money as agents and disposed of it for the benefit of their principal before the commencement of the suit and without notice to withhold it.

Where the recording clerk of a corporation has not been sworn he is still an officer *de facto* and his acts as such are binding upon third parties. The opinion of the court in this same case, reported 72 Maine, 40, affirmed.

ON REPORT.

Assumpsit on promissory note recited in the head note. The writ contained a count on the note and another for money had and received, and was dated July 17, 1879.

By the terms of the report the law court was to render such judgment as the law and evidence, legally admissible, required.

The opinion states the material facts.

*A. L. Simpson*, for the plaintiff.

*Charles P. Stetson*, for the defendants.

DANFORTH, J. This case has once been before the law court upon exceptions to the ruling of the justice presiding excluding certain testimony offered, and holding the defendants liable upon the note in suit. The exceptions were sustained, the court holding that upon the testimony the note was the contract of the principal and not that of the defendants; 72 Maine, 40. In considering the case at that time the court assumed as true the facts offered to be proved, as it does and must in all cases where the question is upon the admissibility of testimony.

The case is now before the court upon a report which includes the evidence then excluded. The most or all of it is again objected to. Upon a review of the case we see no occasion to modify or change the conclusion then arrived at. The testimony does not purport to, nor does it, in any respect or in any degree modify, control or change the terms of the contract, but rather confirms the inference to be drawn from the language therein used, if, in that respect any doubt had previously existed. It was not offered for the purpose of releasing the defendants from any obligation which they had assumed in the written contract, for which it would have been clearly inadmissible, but rather that the authority of the defendants as agents and the circumstances under which the note was made might appear, to enable the court by a more intelligent construction of its terms to ascertain whether in the language of R. S., c. 73, § 15, it might "be regarded as the . . . contract of such principal," and being such it could not be that of the agents.

It is thus evident that the court did not then misapprehend the issue before it, as suggested by counsel. It is undoubtedly true that the decision would not be binding upon the corporation, as it is not a party to the suit, but the facts proposed to be proved were before the court, put in by the defence, and the real

question was whether they were sufficient to show that the note was that of the corporation and thus relieve the defendants, for it could not be the note of both. The court, as we still think, very properly held that they were sufficient, and therefore held that the note was that of the corporation and not that of the defendants, its agents.

The testimony then excluded is now before us, and upon a careful examination we are necessarily led to the conclusion that the facts then assumed as such, are now proved. Some objections are made to the validity of the organization and authority of the company. But we see no foundation for them. The certificate of organization seems to have been drawn up strictly in accordance with the provisions of the statute and was properly recorded. "The corporation had elected the necessary officers who had acted and served as such, had for sometime carried on the business contemplated by its charter, had contracted debts and exercised the functions of a corporate existence. It is therefore too late to deny that the corporation had a legal existence." *McClinch* v. *Sturgis*, 72 Maine, 297. There was a note of the corporation expressly authorizing the defendants "to hire money to meet the demands of the company," and this vote necessarily carried with it, as incidental to it, the authority to give the usual and proper evidence of the money borrowed and the terms upon which it was borrowed. That the recording clerk was not sworn is an objection not open to the corporation and therefore not available to this plaintiff. He was still an officer *de facto*, and as such his acts are binding upon third parties. *Oldtown* v. *Blake*, 74 Maine, 280. The money was obtained in pursuance of the vote, and though a part of it was paid upon a note of which these defendants were the makers, it was in fact, all appropriated to the debts of the corporation.

But suppose this testimony should all be excluded as the plaintiff desires, what then would be the result? It would be not only useful but clearly necessary to hold the corporation, if the action were against it. But it is not. It is against another party who were agents. Though it is entirely competent for agents to give a note making themselves personally responsible

for the debt of their principals, yet they are not so holden unless the note contains apt words to bind them, unless upon its face it is their promise and does not purport to be the promise of another. It is evident from the former opinion in this case and from the authorities there cited that the note does not contain the promise of the defendants. There are in it no apt words to bind them, but the promise is expressly made for the corporation. The testimony introduced has no tendency to fasten that promise upon them, nor would that or any other having that tendency be competent for the purpose. So far as the action is founded upon that contract it must stand or fall with it. Any proof offered, whether in writing or otherwise, must correspond to the allegations in the writ. If they have signed a note purporting to bind a principal without authority, the note is simply void. The agent thus doing may be liable in another form of action, but certainly not in a suit upon a contract into which he never entered. This seems to be clear upon principle and is supported by a decided preponderance of authority. It may be considered as well settled law in this state and Massachusetts. In New York, while the earlier decisions were opposed, the later are in favor. It is not necessary to cite all the cases or discuss them in detail. The following will give all the light necessary : *Harper* v. *Little*, 2 Maine, 14 ; *Stetson* v. *Patten*, *Id.* 358 ; *Noyes* v. *Loring*, 55 Maine, 408 ; *Ballou* v. *Talbot*, 16 Mass. 461 ; *Abbey* v. *Chase*, 6 Cush. 54, *Jefts* v. *York*, 4 *Id.* 371 ; S. C., 10 *Id.* 392 ; *Bartlett* v. *Tucker*, 104 Mass. 336 ; *Bray* v. *Kettell*, 1 Allen, 80 ; 1 Parsons on Cont. 68 and note.

Thus it is evident that the defendants cannot be holden upon the note declared upon even though they had no authority to bind the principal ; nor can they be holden upon the count for money had and received ; for whatever money they had was received as agents, and disposed of for the benefit of their principal before the commencement of the suit and without notice to withhold it.

*Judgment for defendants.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.