## EMMA BAILEY v. JACOB CORNELL.

*Contract for purchase of land—Part payment—Receipt—Agreement to discharge mortgage—Evidence—Principal and agent.*

1. Plaintiff sued defendant to recover $60 paid him under the following state of facts: Defendant was agent for a non-resident land-owner, and bargained with plaintiff for the sale to her of a house and lot, his authority to make the sale being evidenced by a letter from the principal, received in answer to one written at plaintiff's request asking for a reduction in the price of the property, which was made, and defendant authorized to make the sale. On receiving the $60, defendant gave plaintiff a receipt describing the property, and specifying the purchase price as agreed upon, on which the $60 was applied, and providing for the payment of the balance in 15 days, provided the title proved to be good, on the delivery of a warranty deed of the premises. Possession was declared to be surrendered as of the date of the receipt, which was signed in the name of the owner, by defendant as agent. Plaintiff took immediate possession, and afterwards moved out and demanded her money, and on its non-payment brought suit for the same. On the trial it appeared that a sufficient deed was forwarded to the agent, and he offered to prove that plaintiff arranged with the holder of a mortgage on the premises to discharge the same and receive amount due thereon out of the purchase price, and that, acting on such agreement, a discharge was made out, and was ready for delivery to plaintiff with the deed; which testimony was excluded, the court holding that no part of the bargain could be shown outside of the papers.

*Held,* that this was error, and that it was competent to show the agreement as to the payment of the mortgage, and if the discharge and deed were delivered to her plaintiff could not complain.

2. In such a case, it further appearing that defendant had forwarded the $60 to his principal at the time it was demanded by plaintiff of which fact plaintiff was informed,—

*Held,* that the court erred in directing a recovery for the plaintiff under the facts in the case, she having dealt with defendant as agent, and the sale having been ratified by the principal, thus curing any want of authority to make the same, if any existed, and enabling the plaintiff to enforce the same, if she so desired.

Error to Ingham. (Gridley, J.) Argued April 29, 1887. Decided May 5, 1887.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*H. B. Carpenter*, for appellant.

*R. A. Montgomery*, for plaintiff.

MORSE, J. The plaintiff sued the defendant in justice's court in assumpsit, and recovered a judgment for $60 and costs. Upon appeal to the Ingham circuit court, she again recovered before a jury, upon direction of the circuit judge, damages to the amount of $67.87.

Her claim is that on the ninth day of December, 1884, she entered into a parol contract with the defendant to purchase a house and lot of him in Lansing, and at the time paid him $60 in cash, and took a receipt for the same. She at once moved into the house, and stayed there about two weeks.

Upon becoming fully acquainted with the premises, she was not satisfied with the house, and she was not satisfied to pay Cornell the purchase price of it, $1,100, until a mortgage then existing as an incumbrance upon the property was paid off. She moved out of the premises, and demanded her money back. Upon Cornell's refusal to pay it, she brought this suit.

There is but little dispute about the facts. Cornell was acting as the agent of the owner of the house and lot, one Mrs. Hinckley, who lived at Ithaca, in the state of New York. He had no written power of attorney, and his authority was shown by a letter written him by Mrs. Hinckley. The plaintiff understood that Mrs. Hinckley owned the premises, and Cornell was acting as her agent. The receipt she received for her money was signed " Sarah Hinckley, by J. Cornell, Agent." On the fifteenth of December,

1884, a deed of the premises, sufficient in form, and a warranty, was executed by Mrs. Hinckley, and forwarded to Cornell, who presented or tendered it to the plaintiff. Mrs. Burr, who lived in Lansing, held a mortgage upon the house and lot for the sum of about $700.

The defendant offered to prove that the understanding between him and the plaintiff was that Mrs. Burr was to discharge her mortgage at the time the deed passed, and it was to be paid out of the money paid by plaintiff for the deed. He also offered Mrs. Burr as a witness to prove that she was cognizant of this arrangement, and was ready and willing to discharge the mortgage, and that the plaintiff came to see her, and made a bargain with her that the mortgage should be discharged with plaintiff's money, and that, acting upon such bargain, she drew up a discharge and had it ready for the plaintiff. These offers of testimony were excluded by the court; the circuit judge holding that no part of the bargain or transaction could be given in evidence except what appeared in the papers.

This was error. The only paper showing the bargain between plaintiff and defendant was the receipt, as follows:

"Received, Lansing, December 9, 1884, of Mrs. Emma Bailey, sixty dollars, to apply on purchase of lot No. 4, in block No. 131, Lansing, State of Michigan, at the price of $1,100; the balance to be paid in 15 days from this date, provided the title to said lot is proved good, and by abstract of record, and on the delivery of good and sufficient warranty deed. Possession of said premises is this day surrendered to the said Emma Bailey.

"SARAH HINCKLEY,
"By J. Cornell, Agent."

The counsel for the plaintiff claims that the agreement was a parol one for the sale of these premises, and bases his right to recover for his client upon the payment of money upon such parol agreement, and claimed upon the trial that one reason why the plaintiff would not take the premises was because this mortgage was not discharged.

It is evident that this receipt was not, and could not be, considered as a written agreement of sale, shutting out all oral proof of the bargain between the parties. It was a mere receipt for the money, and did not pretend to set out all the terms of the agreement between the parties. It was competent to show that the plaintiff agreed that the mortgage should be paid out of the purchase money, and if a discharge of the same was handed her with her deed she could not complain, and this method of removing incumbrances from purchased real estate is neither new nor unusual.

The court also erred in directing a recovery for the plaintiff, under the facts in the case. Cornell testified, and it was not disputed, that at the time the plaintiff gave up her bargain, and demanded back her money, he had remitted the same to Mrs. Hinckley, except his charges, and so informed the plaintiff. The plaintiff knew that she was not dealing with Cornell as a principal, but as agent of Mrs. Hinckley. She paid her money to him as such agent, and took the receipt. Mrs. Hinckley ratified the sale, and sent on her deed. Had the plaintiff fulfilled her contract, she would have acquired a good title to the property through the agency of Cornell. She saw fit to rescind it, mainly, and it would appear almost entirely, because she was not suited with the house.

It is idle to inquire whether or not Cornell, in the first place, was sufficiently constituted an agent of Mrs. Hinckley, as she afterwards fully ratified his agreement, and was ready to perform it. He stated to the plaintiff, in the first instance, that Mrs. Hinckley's price was $1,200 and he could not vary it. At plaintiff's request, he wrote to Mrs. Hinckley for different terms, and received a letter back that he might sell it for $1,100. This the plaintiff knew, and, acting upon it, made her bargain with Mrs. Hinckley through him. She entered into possession of the house under it, and, had she so desired, she could have enforced it against Mrs. Hinckley

under the circumstances. She cannot now repudiate her contract, and hold Cornell for the money paid by her to him for Mrs. Hinckley. Her cause of action, if any, is against that lady.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.