N. R. SPURR and another *vs.* HOME INSURANCE COMPANY.

May 7, 1889.

**Contract—Action for Breach Dismissed—Suit for Reformation.**—The mere commencement of an action for damages for breach of a written contract, the action being afterwards dismissed without a determination on the merits, does not conclusively bar a subsequent action for reformation of the contract.

**Policy of Insurance Reformed for Mistake.**—Evidence considered as showing conclusively a mutual mistake in writing a policy of insurance, the policy by its terms not embracing the property intended to have been insured.

Appeal by plaintiffs, (N. R. Spurr and the First National Bank of Morris,) from a judgment of the district court for Ramsey county, where the action was tried by *Simons,* J.

*Lusk & Bunn,* for appellants.

*Samuel E. Hall,* for respondent.

DICKINSON, J.    This is an action to reform a policy of insurance, and to recover upon the same as reformed.   It is urged on the part of the respondent that the plaintiffs cannot maintain this action, because prior to its commencement they had commenced an action to recover upon the policy now sought to be reformed.   The doctrine of election as between inconsistent remedies is relied upon.   We think that the conclusion of the learned judge of the district court, adverse to the respondent, was correct.   The former action was dismissed without any final determination.   The findings of the court in this case do not disclose clearly the circumstances attending the dismissal of the former action, nor are they otherwise shown in this record.   It may be inferred, however, that the dismissal, which was upon the plaintiffs' motion after trial had commenced, was because, having commenced the action upon the theory that the proper legal construction of the policy without reformation was such as the plaintiffs now claim the agreement to have been, and such as entitled the plaintiffs to the recovery sought, they found themselves unable to recover upon the very different construction which the court put upon the policy.   If such were the case, the proper remedy having been misconceived merely by reason of the failure of the plaintiffs to correctly apprehend the legal construction of the written instrument which was supposed to embody their agreement, and no advantage, benefit, or remedy having been secured by means of that action, nor the adverse party prejudiced, and that action having been dismissed without a determination on the merits, the plaintiffs were not precluded from maintaining this action.   *Bitzer* v. *Bobo,* 39 Minn. 18, (38 N. W. Rep. 609;)  *Green Bay & Miss. Canal Co.* v. *Hewitt,* 62 Wis. 316, (21 N. W. Rep. 216, and 22 N. W. Rep. 588;)  *Butler* v. *Hildreth,* 5 Met. 49, 52;  *Peters* v. *Ballistier,* 3 Pick. 495, 505;  *Pittsburgh, F. W. & Chic. Ry. Co.* v. *Swinney,* 91 Ind. 399; Bigelow, Estop. (4th Ed.) 692;  *Thayer* v. *Arnold,* 32 Mich. 336, 341;  *Brewster* v. *Striker,* 2 N. Y. 19.   In *Thomas* v. *Joslin,* 36 Minn. 1, (29 N. W. Rep. 344,) the former action had proceeded to a judgment

for the defendant on the merits. It is said in the opinion, with reference to the right of the plaintiff to maintain the subsequent action for reformation, that "in such cases the plaintiff should take a dismissal in the nature of a nonsuit, before final submission on the merits." One should not be concluded in respect to his legal rights, and all effectual remedy be barred, merely because, misapprehending the legal construction and effect of a written instrument supposed to embody the agreement or to carry into effect the intentions, of parties, he institutes legal proceedings based upon that theory.

The plaintiff Spurr was the owner of a grain elevator or warehouse at Morris, and engaged in the business of storing wheat therein. At the time of the issuing of the policy of this defendant, Spurr had stored in the elevator, besides some wheat of his own, a large amount of wheat owned by other parties, received for storage, and for which he had issued the usual certificates or "wheat tickets." Spurr was indebted to the plaintiff bank, to which the policy had been assigned. That bank also held as collateral security wheat tickets, representing the wheat stored by other parties. By the terms of the agreements for storage, as expressed in the wheat tickets, Spurr was to keep the grain insured and to include the cost of insurance in his charges. This insurance was effected after an interview upon the subject between Spurr and one Judson, the cashier of the bank, who was also the local agent of the defendant, and who, as such, issued this policy. The plaintiffs seek to charge the defendant with liability as insurers of all the wheat stored in the elevator. The defendant claims that its liability extends only to the wheat owned by Spurr. The court was right in construing the written policy as applying to and insuring only the wheat of Spurr. By its written terms it insures " N. R. Spurr  *  *  *  on wheat stored in Union Elevator." The printed conditions of the policy provide that " if the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured,  *  *  *  it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void.  *  *  *  Goods

held on storage must be separately and specifically insured." This policy is not to be construed as applying to grain not owned by the assured, but held by him as a bailee.

The court found against the plaintiffs upon the alleged fact of mutual mistake in the policy. The question is presented whether, upon the evidence, this finding was not erroneous. In our judgment it was so. The case rests wholly upon the evidence presented on the part of the plaintiffs, and that, being consistent, reasonable, and wholly uncontradicted, seems to us to present a clear case of mistake, entitling the plaintiffs to the relief sought. In addition to the facts already stated, we add this further statement of the substance of the case, as shown by the testimony of both Judson and Spurr: Judson went to the elevator, and, inquiring as to the amount of insurance already in force, asked Spurr to effect insurance sufficient to protect both himself and the holders of outstanding wheat tickets, to cover all the grain in the elevator. To this Spurr acceded, such being his general intention and custom. For this purpose they examined Spurr's books to ascertain the amount of wheat in the elevator, and determined upon the amount of additional insurance necessary. It seems to have been left to Judson to see that the insurance was effected. There was nothing said about insurance upon Spurr's grain merely. Judson caused this policy to be written by one McCartey, who was an agent for certain other insurance companies, and whom Judson employed to perform for him the clerical work of his agency. The directions to McCartey were to write this insurance on the wheat stored in the elevator. Spurr paid the premium, but never examined the policy, that having been retained in a safe in the office of the insurance agent. The whole testimony of Judson, Spurr, and McCartey leaves no room for doubt that it was their intention that the policy should cover all the grain in the elevator, nor that they understood that such was its effect. Upon the case presented the plaintiffs were entitled to a reformation. *Snell* v. *Insurance Co.*, 98 U. S. 85; *Benson* v. *Markoe*, 37 Minn. 30, (33 N. W. Rep. 38,) and cases cited.

At the trial it was stipulated that if the court should find in favor of the plaintiffs as to the remedy of reformation, the plaintiffs were entitled to judgment for the amount demanded in the complaint.

There seems to be no reason for a new trial. The judgment appealed from will be amended, granting the relief sought, and so that the amount of the recovery shall be in accordance with the prayer of the complaint.

NOTE. The case of the same plaintiffs against the Commercial Union Assurance Company was tried in the district court, and was argued in this court at the same time and by the same counsel with the foregoing case, and the same decision was made.

A motion for reargument of both cases was denied May 22, 1889.