WILLIAM R. MARSHALL *vs.* EDWARD R. GILMAN.

Argued Nov. 15, 1892.   Decided Dec. 27, 1892.

**When Vendor's Untrue Statements of Fact if Relied upon Obligate him.**

Representations of fact made by the owner of property as inducements to its purchase by another, relied upon by the latter as being true, and constituting a substantial inducement to the purchase, become obligatory on the vendor as a contract, even though the vendee may have been also influenced by information derived from other sources.

**Pleading the Ultimate Fact is Sufficient.**

An allegation of notice to a party may be sustained by proof of a notice to an authorized agent, although the agency be not pleaded.

**Facts Stated in the Deed Supersede Prior Untrue Statements.**

If one, negotiating for the purchase of a lot of land represented to be of a certain width, afterwards accepts a conveyance describing the property as being of a less width, he cannot be deemed to have purchased relying upon such prior representation.

**Action to Rescind, not a Bar to an Action for Damages.**

A vendee of real estate, having sued to enforce a rescission of the sale by reason of false representations, under a contract providing for a rescission, and being denied such relief by reason of his delay in seeking the same, and by reason of conduct inconsistent with a right to rescind, is not thereby barred of the right to prosecute a subsequent action *ex contractu* to recover damages for the breach of the contract, amounting to a warranty.

Appeal by plaintiff, William R. Marshall, from an order of the District Court of Ramsey county, *Egan,* J., made May 21, 1892, denying his application for a new trial.

On February 13, 1889, plaintiff owned two lots in St. Paul. One was lot five (5) in block thirty-one (31) in Rice & Irvine's Addition, and was mortgaged for $4,000. The other was a part of lots sixteen (16) and seventeen (17) in block sixty-nine (69) in Dayton & Irvine's Addition. At the same time the defendant Edward R. Gilman owned two lots in the city of New York, fronting east, Nos. 2148 and 2150 on Fifth Avenue, and over a mile north of the north end of Central Park. One was mortgaged for $15,000 and the other for $16,000. Gilman, that day, made Canby & Cathcart of St. Paul his agents to sell or trade. this property, and wrote them a letter to be shown customers, in which he stated that the houses on his lots were four stories high, with basement and brown stone front; the lots twenty feet front by seventy-five feet deep; the sidewalks hard stone; brown stone steps; handsome colored glass in the doors; entry ways with double doors; and the houses throughout of hard wood finish. That they were in a part of the city that was improved and rapidly improving, and in sight of Mount Morris Park, and only a few blocks from the elevated railroad. That the houses on Fifth Avenue in that portion of the city were all fine residences. That he did not believe that these houses could have been built for less than $16,000 apiece, and the lots could not be worth less than $500 a front foot. That the houses were new and complete with all modern improvements and first-class in every respect. That the pictures therewith were exact reproductions of the property. That in case they made a trade or sale, he would guarantee the property to be as therein represented, and if, upon investigation, it should be found not to be as therein represented, he agreed to cancel the trade and pay the purchaser all expenses to which he might be subjected.

Plaintiff was shown this letter and the accompanying photographs. He lived in St. Paul, and had never seen defendant's property, and had no knowledge of its character, condition or surroundings, or of its cost or value; but relying in part upon this letter, and in part upon information he obtained from other parties, he on February

21, 1889, exchanged his two lots in St. Paul incumbered $4,000, for these New York lots incumbered $31,000, which incumbrance he assumed and agreed to pay, and he also gave defendant the note of one Norton for $1,200. Plaintiff then went to New York and examined the property and offered it for sale there and in St. Paul. In June, 1889, he paid the interest on the mortgages, $775, and in August paid the insurance, $29.20. On October 23, 1889, he notified defendant that he elected to rescind the trade, and soon after commenced an action to rescind, on the ground of misrepresentations in defendant's letter. He was defeated in that action because of his omission to act promptly on discovering the facts. *Marshall* v. *Gilman*, 47 Minn. 131.

On November 24, 1891, plaintiff commenced this action to recover $25,000 damages which he claimed he had sustained on account of the falsity of the representations in defendant's letter. He charged that one of the lots was but nineteen feet front, instead of twenty; that the lots were worth no more than $400 per front foot; that the cost and value of the houses did not exceed $10,000 each, and that they were out of repair and were not first-class; that the surroundings and location were not as represented, and that the photographs did not truly represent the houses and their surroundings; that the mortgages on the property had since been foreclosed, and the two houses and lots sold March 14, 1890, beyond redemption, one for $15,000 and the other for $14,000, and that a balance of $5,416.88 remained unpaid, and for which suit had been instituted against plaintiff in the District Court in St. Paul.

This action was tried April 5, 1892, and defendant had a verdict. A bill of exceptions was made, signed and filed from which it appears that plaintiff requested the trial judge to charge the jury that defendant's letter was a warranty that the New York property was as therein stated, and that if plaintiff relied in part on this letter, the defendant is responsible if the representations were in point of fact not true. The court refused to give these requests and he excepted. The judge charged the jury that if plaintiff looked for himself, made investigations, made inquiry, took his chances, and did not rely so much upon the letter as upon individual investigation and judgment,

then he could not recover. To this charge plaintiff excepted. The judge further charged the jury as follows: "Confront the parties and say, if plaintiff relied on this letter exclusively or in part or in any material part, and parted with his property, if so he would be entitled to recover; but with all his activities, his intelligence, his experience, his discernment, say whether he took his chances or not, blindly. If he relied on that letter alone, why he would be entitled to recover." To this plaintiff also excepted, and he excepted to the charge as a whole and generally, because, as he claimed, it was inconsistent, contradictory, unintelligible, and calculated to mislead, confuse and distract the jury without leaving any clear and distinct propositions of law governing the case. Plaintiff made a motion for a new trial, and being denied, appeals.

*Robertson Howard* and *John M. Gilman*, for appellant.

The court erred in admitting evidence offered by the defendant tending to show that the plaintiff did not entirely rely upon the said letter of defendant, but sought and obtained information from other parties respecting the New York property, upon which he relied in making the trade. And the court also erred in not charging the jury in relation to this matter as requested by plaintiff's counsel. The complaint alleges that the plaintiff wholly relied upon the defendant's letter in making the trade. The answer denies that he relied entirely upon the statements of the defendant, and alleges that plaintiff obtained and relied upon information derived from others. This is an admission that plaintiff relied in part upon the defendant's letter in making the trade. It is immaterial whether the plaintiff relied wholly, or only in part, upon the letter in making the trade. If he relied thereon to any extent, his rights are the same as if he wholly relied thereon. The extent to which he relied thereon cannot be apportioned. His reliance cannot be divided up and the responsibility of the defendant for his representations and guaranty thus diminished. It was also error in the court to charge the jury as it did in connection with this matter, that if the plaintiff did not rely so much upon the letter as upon individual investigation and judgment, then the plaintiff could not recover. *McCormick*

v. *Kelly*, 28 Minn. 135; *Torkelson* v. *Jorgenson*, 28 Minn. 383; *Shordan* v. *Kyler*, 87 Ind. 41; *Pinney* v. *Andrus*, 41 Vt. 631; *First Nat. Bank* v. *Grindstaff*, 45 Ind. 158; *Fletcher* v. *Young*, 69 Ga. 591; *Ruff* v. *Jarrett*, 94 Ill. 475; *Keely* v. *Turbeville*, 11 Lea, (Tenn.) 342.

There was no necessity to allege or prove that the plaintiff relied upon the warranty; nor was it competent for the defendant to prove that the plaintiff did not wholly rely upon the warranty, nor to prove that the plaintiff knew that some of the representations covered by the warranty were not in fact as represented and warranted to be. *Stucky* v. *Clyburn*, 1 Cheves, 186; *Watson* v. *Roode*, 30 Neb. 264; *Fitzgerald* v. *Evans*, 49 Minn. 541.

In instructing the jurors as to their duty in determining whether the representations of the defendant in his letter respecting the New York property were true, the court said to the jury: "In determining this question you will take into consideration the actions of the plaintiff in New York after an inspection of the property; his efforts to sell the same; his conversations with Canby & Cathcart after his return, as to the condition of the property. You will also take into consideration the opportunities or searches, or rather letters written by him to a New York friend concerning the property and the response thereto." Again the court told the jury to determine the question of the truth or falsity of the representations, "from your experience and knowledge of business affairs, from your intelligence as jurors and men and the mode and manner in ordinary business life of effectuating a trade or exchange of property such as this was, whether the representations in that letter are true or false." What rational idea could a jury get respecting their duty by having such directions given them? It needs no argument to demonstrate the error of such a charge. It is self-evident.

The former action to rescind is not a bar to this action. The present action is in no sense an action to recover damages for false representations. It is an action to recover damages for breach of the special written warranty. The former action was purely an equitable one, and as decided by this court on the former appeal an action for damages for breach of warranty was not before the court,

and was not and could not be tried under the pleadings. *Strong* v. *Strong*, 102 N. Y. 69; *In re Van Norman*, 41 Minn. 494.

If the plaintiff had brought an action on the contract he could not subsequently have brought a suit to rescind it, because the first action would have been an affirmance of the contract, and would have prevented an avoidance of it. This was the ground on which relief was refused in *Sanger* v. *Wood*, 3 John. Ch. 416; *Thomas* v. *Joslin*, 36 Minn. 1; *Linne* v. *Stout*, 44 Minn. 110; *Keator* v. *St. John*, 42 Fed. Rep. 585: *Snyder* v. *McComb*, 39 Fed. Rep. 292.

*Lusk, Bunn & Hadley*, for respondent.

If the former judgment is a bar, or if the plaintiff by bringing and prosecuting that suit to a final judgment on the merits, elected not to pursue the remedy sought in this action, of course it ends the litigation between these parties. Having two or three modes which in law he could adopt solely for the purpose of getting redress for the alleged wrong that he claimed had been done him, he elected to take the one that if successful, would give him back his property in satisfaction of his claim, with damages; and having prosecuted that to final judgment, both in the court below and in this court, he cannot now go back and try another remedy for the same alleged wrong. *Thomas* v. *Joslin*, 36 Minn. 1; *Sanger* v. *Wood*, 3 John. Ch. 416; *Washburn* v. *Great Western Ins. Co.*, 114 Mass. 175; *Terry* v. *Munger*, 121 N. Y. 161; *Conrow* v. *Little*, 115 N. Y. 387.

The trade was not consummated in this case until a week after the defendant's letter was written. The statement in the letter of "twenty feet front" was a mistake innocently made, and before the parties agreed upon anything defendant informed the plaintiff about it. In the deed it was described as nineteen feet wide, which deed the plaintiff accepted.

In the general charge the court very distinctly told the jury that if the plaintiff relied on this letter exclusively or in part, or in any material part, he would be entitled to recover. Later, the court simply adds, what he had just said, if plaintiff relied on that letter alone, why he would be entitled to recover. And every word of it is true. If he relied on it alone, or exclusively, as claimed by him in his complaint, he

is entitled to recover, provided, of course, the statements were false. There is no dispute by anybody as to the law being, that if the plaintiff relied upon the letter at all, in whole or in part, and such part was false, he could recover. And the jury could not possibly have understood the court as meaning that they had got to find that he relied upon the letter wholly and alone, exclusively, when the charge is read as a whole. *Spencer* v. *Tozer*, 15 Minn. 146, (Gil. 112;) *Gates* v. *Manny*, 14 Minn. 21, (Gil. 13.)

Counsel censure the court below for treating defendant's letter precisely as the parties had treated it in their pleadings and in putting in their testimony. If his Honor was in error in that respect, it was an error that was caused by the counsel for each of the parties and for which we are solely to blame, and not the court below. It would be impossible for a case to be any more fairly tried and submitted to the jury than was this case, except we all erred; not the court below, but all of us, in supposing, that in order to recover, the plaintiff must allege and show that he relied on the representations or some portion of them, and that they were false, and the damages he suffered by reason of it. If we were all mistaken in regard to the law on the subject, then there ought not to be a new trial, because it is the plaintiff's own fault both in drafting the complaint, in putting in testimony on the trial and in requesting the court to charge; and a party ought not to be granted a new trial, for an error of law that he has himself caused to be made. *Barrows* v. *Fox*, 39 Minn. 61.

DICKINSON, J. For a general statement of the transactions upon which this action is founded, reference may be made to the opinion in a former action between these parties, reported in 47 Minn. 131, (49 N. W. Rep. 688.) That action was prosecuted for the purpose of securing a rescission of an exchange of real estate. The plaintiff, having failed to secure that relief, commenced and prosecutes this action, *ex contractu*, to recover damages for breach of the representations concerning the New York property contained in the letter of the defendant, upon which representations, and the warranty expressed in the letter, the plaintiff claims to have relied in making

the exchange of his real estate, situate in Minnesota, for that of the defendant, in the city of New York. This is an appeal by the plaintiff from an order refusing a new trial, a verdict having been rendered against him. So much of the case as we are called upon to consider is presented by a bill of exceptions.

The letter of the defendant addressed to his agents Canby & Cathcart, and placed in their hands, previous to the negotiations which resulted in an exchange being made by deed, considered by itself and alone, did not constitute a contract, or impose any obligation on the defendant. It would not become effectual to bind the defendant until it should be accepted by some one who should purchase the defendant's property, influenced by and relying upon the representations and warranty therein expressed. It is to be taken as admitted by the pleadings that these representations were held out to the plaintiff as inducements to him to make the exchange, which was subsequently effected by mutual conveyances by deed. The question whether, the plaintiff can recover in this action depends upon the facts as to whether in making this exchange, he relied, either solely or in part, upon the representations set forth in the letter, and, if so, then whether the representations relied upon were or were not in accordance with the facts. As to the law bearing upon this feature of the case, it is to be said that if the plaintiff relied upon these representations as being true, if they constituted a substantial inducement to the making of the exchange, even though he may have also been influenced to some extent by information derived from other sources, the representations and expressed warranty thus relied upon and acted upon became obligatory on the defendant as a contract. *McCormick* v. *Kelly*, 28 Minn. 135, (9 N. W. Rep. 675;) *Warder* v. *Bowen*, 31 Minn. 335, (17 N. W. Rep. 943;) *Safford* v. *Grout*, 120 Mass. 20; *James* v. *Hodsden*, 47 Vt. 127. It may be added that, if the plaintiff actually knew that any one or more of the several representations were not true, he could not have been influenced by *such* representations, and they cannot therefore be regarded as entering into the contract. *McCormick* v. *Kelly, supra.* It may be doubted whether, as a matter of pleading, the answer does not, in legal effect, admit that to some extent the

plaintiff did rely on these representations. But as there is reason to doubt whether the parties did not themselves construe the pleadings as putting that matter in issue, we will not pass upon this question of pleading; it being unnecessary for the purposes of this appeal. We will assume, as the view most favorable to the respondent, that this matter was in issue. It was without doubt a question of fact, under the evidence, for the jury to determine, whether the plaintiff did not, to some extent, at least, rely on these representations. The jury may have found that he did rely, or was influenced partially, but not solely, thereby. It was important that they should understand that in such a case the defendant became legally responsible for the truth of the representations relied upon. The court instructed the jury upon that subject, but in such terms as must probably have left the jury in doubt as to the principle of law governing such a case, even if they did not actually misapprehend the law. For instance, the jury were instructed— and this was excepted to—that "if the plaintiff looked for himself, made investigations, made inquiry, took his chances, and did not rely *so much* upon the letter as upon individual investigation and judgment, then the plaintiff could not recover." We put in italics two words to indicate the misleading and erroneous character of this instruction. Elsewhere the court used language calculated to convey the same erroneous impression as to the law, although it is to be added that there was also language used, to the effect that the plaintiff might recover if he relied on the letter exclusively or in part. In brief, we must say that there was error in the charge, and it is by no means clear that the jury were not misled. This necessitates a new trial, and we deem it unnecessary to refer to several of the other assignments of error; but some of them should be noticed.

If the bill of exceptions gives to us a correct understanding of the case, the evidence tending to show that Canby & Cathcart, the defendant's agents for the sale or exchange of his lands, also acted as agents for the plaintiff in negotiating the exchange, was not subject to objection because of the fact that such agency for the plaintiff had not been pleaded in the answer. For the purpose of showing notice to the plaintiff as to the condition of the property, notice to any au-

thorized agent might be shown, without the fact of such agency having been pleaded. Hence, the fifth and thirteenth exceptions and assignments of error were not well taken.

In view of the disclaimer before the jury of any right to recover by reason of one of the lots being only nineteen feet wide, although in the letter it was said to be twenty feet wide, the appellant's assignment of error respecting that matter could not be sustained. We will, however, say that if (as from the charge of the court seems probably to have been the case) the negotiations were consummated by a deed of conveyance in which the lot was described as being only 19 feet wide, the plaintiff could not well claim to have relied to any extent upon the previous representation as to the width of this lot.

The former action for rescission does not preclude the plaintiff from recovering damages in this action for a breach of the representations and warranty. In the former case it was decided that the right to rescind, which right must be exercised promptly if at all, had been lost by a failure of the plaintiff to seasonably avail himself of it, and by conduct respecting the property inconsistent with an intention to exercise that right, and amounting to an election not to do so. But the prosecution of that action without avail did not preclude resort to the remedy here sought. The former action did not involve a determination of the right of action now relied upon. *Marshall* v. *Gilman*, 47 Minn. 131, 136, (49 N. W. Rep. 688,) nor is there any such inconsistency between the two actions that by resorting to the former the plaintiff can now be deemed to have lost, by force of the doctrine of election, the right to maintain this action. If the plaintiff had first sued for damages for breach of the contract, that would probably have constituted an election to abide by the sale, so that he could not have afterwards maintained an action to rescind. But the plaintiff's conduct has not been thus inconsistent. Even in the former action the making of the contract for the breach of which he now seeks to recover was not denied, but affirmed. He sought to avail himself of a remedy which he was not entitled to. What was said *In re Van Norman*, 41 Minn. 495, 497, (43 N. W. Rep. 334,) is applicable here. See, also, *Strong* v. *Strong*, 102 N. Y. 69, (5 N. E. Rep. 799.) The mere fact that the plaintiff, after he had lost the

right to rescind, sought in vain to avail himself of that remedy by action, should not bar his right to recover damages on the contract.

Order reversed, and new trial granted.

(Opinion published 53 N. W. Rep. 811.)