## THE FIRST NATIONAL BANK OF MALVERN, Appellant, v. CARRIE WADE AND W. C. WADE.

**Evidence:** GOOD FAITH PURCHASER A JURY QUESTION. On an issue as to whether plaintiff bank was a *bona fide* purchaser of certain notes, it appeared that the payee lived in a distant city, and that defendant lived in the county where plaintiff was located. The notes were unsecured; had six and twelve months, respectively, to run; had no provision for costs of collection; and the maker was not considered prompt. Plaintiff's cashier testified that he bought them at a discount. *Held*, that a finding that plaintiff was not an innocent purchaser could not be disturbed.

*Appeal from Mills District Court.*—HON. N. W. MACY, Judge.

### FRIDAY, MAY 24, 1895.

Action upon two promissory notes executed by defendants, payable to F. P. Bellinger or bearer. Plaintiff alleges that said notes were transferred and indorsed to plaintiff before maturity, in good faith, and for valuable consideration, and are past due. Defendants admit the execution of said notes, but deny that plaintiff purchased the same in good faith, and for valuable consideration. They alleged as defenses that said notes were procured from defendants through fraud and misrepresentation, and that they are wholly without consideration, and that the consideration thereof has entirely failed. Plaintiff, in reply, denied every allegation of the answer, except in so far as it admits allegations made in the petition. The case was tried to a jury, and a verdict had for the defendants. Plaintiff moved for a new trial upon the ground that the verdict is contrary to the law and the evidence. The motion was overruled, and judgment entered on the verdict, from which plaintiff appeals.—*Affirmed.*

L. T. Genung and A. E. Cook for appellant.

Shirley Gillilland for appellees.

Given, C. J.—I.   It is not questioned but that the defenses of fraud in procuring the execution of the notes, and of failure of consideration, were fully made out.   Appellant's contention is that under the evidence the jury should have found that plaintiff was an innocent purchaser of the notes, and that the court erred in not setting aside the verdict and granting a new trial for that reason.   The only testimony given with respect to the purchase is that of Mr. L. Bentley, cashier of the plaintiff bank.   This issue was submitted to the jury, with proper instructions as to what constitutes an innocent purchaser, and also as to the burden of proof, and weighing testimony.   We will not set out the testimony of Mr. Bentley, nor discuss it at length.   While he does state, when recalled, that he had no notice for what the notes were given, and no knowledge of the nature of the transactions between the defendants and the Bellingers, we cannot say, in view of the entire testimony, that the jury was not warranted in failing to find that appellant was an innocent purchaser.   Appellees' claim is that it was not a purchase, but that the notes were merely assigned for collection,—a claim that is not without support.   The transaction, as related by Mr. Bentley, is, in several particulars, more consistent with defendants' claim than with the claim that the notes were purchased. The payee lived at Council Bluffs, and was a stranger to the bank, and the defendants lived in the county where the bank was located.   The notes had six and twelve months to run, were unsecured, and contained no provision for collection or attorney's fees, and were regarded as "slow."   The witness says:   "I bought

them at a discount, or a collection fee of two and one-half per cent. off the face of the notes." The manner in which the transaction was entered in the books of the bank was not such as is usually made when notes are purchased. While, upon the evidence, we might find differently, we cannot say that under it the jury should have found that the plaintiff was an innocent purchaser of the notes in suit.—*Affirmed.*