# INTERNATIONAL REALTY & SECURITIES CORPORATION v. E. F. VANDERPOEL and Others.[1]

October 2, 1914.

Nos. 18,722—(225).

**Election of remedies.**

1. Bringing an action to rescind an executory contract for fraudulent misrepresentations as to the quality of the land, and thereafter voluntarily dismissing such action because the right to rescind had been lost by laches, is not such an election of remedies as will debar plaintiff from subsequently bringing an action to enforce specific performance of such contract.

**Damages for fraud.**

2. As damages for the fraud cannot be applied upon the purchase price unless the vendee so elects, they do not operate as payment thereon until he has made such election.

**Land contract — statutory notice to rescind — reinstatement.**

3. Where the vendor has given the statutory notice to terminate the contract for nonpayment of overdue instalments and the time limited by statute for making such payment has expired, the vendee cannot reinstate the contract by thereafter electing to apply his claim for damages in discharge of such instalments.

**Measure of damages.**

4. The amount of damages recoverable for fraudulent misrepresentation as to the quality of the property sold is the difference between the purchase price and the value of the property in its true condition.

Action in the district court for Dodge county against E. F. Vanderpoel, Eugene N. Best and Eva M. Best, his wife, to ascertain the amount of damages sustained by plaintiff on account of the fraudulent representations by defendant Vanderpoel in the sale of land, for an accounting between plaintiff and defendant Vanderpoel under the contracts mentioned, and for specific performance by defendants upon the performance by plaintiff of its part of the contract. The facts are stated in the opinion. Defendants' motion for judgment on the

[1] Reported in 148 N. W. 895.

pleadings in their favor (1) on the issue of the right of plaintiff to relief by way of a decree for specific performance; (2) on the issue of the right of plaintiff to relief by way of damages; (3) on the issue of title and right of possession to the lands in question; (4) on all the issues made by the pleadings, was granted, Hale, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Roberts & Strong,* for appellant.

*M. H. Boutelle, E. N. Best* and *A. M. Higgins,* for respondents.

TAYLOR, C.

On November 23, 1910, defendant Vanderpoel contracted to sell 280 acres of land to plaintiff for the sum of $60,800. The purchase price was payable in instalments as follows: $6,000 at the execution of the contract; $4,000 on or before March 1, 1911; $5,000 on or before November 1, 1911; $5,800 on or before May 1, 1912; and $40,000 on or before May 1, 1918. Deferred payments bore interest at the rate of six per cent per annum payable November 1, 1911, and annually thereafter. The contract also provided that time was of the essence thereof; that the vendor could declare the contract null and void in case of any default on the part of the vendee; that until such default the vendee should have possession of the property; and that in case of such default the vendee should surrender possession of the property to the vendor on demand. After the execution of the contract, defendant Vanderpoel conveyed his interest therein, together with the title to the land, to defendant Eugene N. Best as security for advances made to him by Best. Plaintiff paid the instalment of the purchase price due at the execution of the contract and the instalment due March 1, 1911, and procured an extension of the time for paying the two next instalments until December 1, 1912, but never paid them.

On December 24, 1912, plaintiff brought an action to rescind the contract and to recover back the payments already made, on the ground that it was induced to enter into the contract by false and fraudulent representations on the part of Vanderpoel as to the character and condition of the land. The defendants answered and

among other things denied specifically all the charges as to misrepresentation. Thereafter, and in February, 1913, plaintiff sought to amend the complaint so as to change the action from one for rescission to one for specific performance. The trial court would not permit the amendment and thereupon plaintiff voluntarily dismissed the action.

On January 27, 1913, the defendants served notice on plaintiff as provided by statute (now section 8081, G. S. 1913) that the contract would be cancelled and terminated 30 days from the service thereof, unless all overdue principal and interest were paid prior to the expiration of such 30 days. The instalments of the principal and interest then past due and unpaid aggregated the sum of $14,455.28. Plaintiff neither made nor tendered payment, but, about three weeks after the expiration of the time limited by statute for the making of such payment, and shortly after the dismissal of the former action, began the present action to enforce specific performance of the contract. Rescission and specific performance are inconsistent remedies and the election of one is an abandonment of the other. Defendants, at the outset, contend that plaintiff by bringing the former action for rescission made an election of that remedy which is binding upon it and a bar to the present action. Plaintiff contends that the bringing of such an action does not constitute a valid and binding election until a recovery is had therein. As plaintiff voluntarily dismissed the former action before trial, for the reason that through laches it had lost its right to rescind, we think that the bringing of that action was not such an election as would bar plaintiff from bringing the present action. Spurr v. Home Ins. Co. 40 Minn. 424, 42 N. W. 206, 207; In re Van Norman, 41 Minn. 494, 43 N. W. 334; Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811.

Plaintiff rightly and necessarily concedes that it is not entitled to specific performance, unless the overdue instalments were paid or discharged within the time limited therefor by the statute. But plaintiff makes the same charge of fraud alleged in the former action and contends, in effect, that the damages sustained by reason of the alleged misrepresentations paid and discharged the overdue instalments. We are unable to concur in this conclusion.

When plaintiff discovered the fraud it had the right, at its option, either to repudiate and annul the contract and recover back the payments already made, or to affirm the contract and seek redress for the fraud in damages. If plaintiff elected to affirm the contract, it had the right, if seasonably exercised, either to recover damages in an independent action for deceit, or to recoup such damages against the claim of the vendor for the unpaid portion of the purchase price. The choice of remedies rested with plaintiff. Damages for the fraud could not be applied upon the purchase price, unless plaintiff affirmed the contract instead of rescinding it, and also elected to apply them thereon instead of recovering them as an independent claim. It necessarily follows that such damages could not operate as a payment upon the purchase price until plaintiff, by some appropriate proceeding, caused them to be applied thereon. 34 Cyc. 758; 19 Enc. Pl. & Pr. 738.

Plaintiff does not contend, and it cannot be held, that the unsuccessful attempt to amend the complaint in the former action, the denial of which was acquiesced in by the plaintiff, operated as a valid and binding election to apply the damages for the fraud upon the delinquent payments, and they have never been so applied, unless the bringing and prosecution of the present action accomplished that result.

By force of the statute the contract terminated 30 days after service of the notice given by the vendor, unless the delinquent payments were made prior thereto. The statute is absolute and at the end of the prescribed time all rights of the parties under the contract ceased. Olson v. Northern Pacific Ry. Co. 126 Minn. 229, 148 N. W. 67. The proceeding is in effect a statutory foreclosure of the contract, and a tender of payment made after the expiration of the 30 days is of no avail. Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336. An attempt to apply a claim for damages as payment can be given no greater effect than can be given to a tender of actual payment. Plaintiff made no election to apply its claim for damages in discharge of the delinquent payments, until after the time for making payment had expired. It was then too late. The statutory foreclosure ter-

minated the right to enforce specific performance and no act of plaintiff thereafter could reinstate it.

As the above conclusion is decisive of the case, a discussion of the other questions raised is unnecessary. But, as plaintiff alleged that the land, if it had been as represented, would have been worth $7.50 per acre more than the contract price, and sought to recover this anticipated profit as a part of its damages, it is proper to call attention to the rule, firmly established in this state, that the amount of damages recoverable for fraudulent misrepresentation as to the quality of the property sold is the difference between the purchase price and the value of the property in its true condition.

At the trial defendants moved for judgment on the pleadings. The admitted facts entitled them to such judgment and the court correctly granted the motion and rendered judgment in accordance therewith.

Judgment affirmed.