# FREDERICK B. KREMER v. ANNA B. LEWIS AND OTHERS.[1]

July 6, 1917.

Nos. 20,340—(161).

**Vendor and purchaser — misrepresentation of material facts.**

1. Plaintiff purchased a block of residence property from defendants. There is evidence sufficient to sustain a verdict that plaintiff was induced to purchase the block by representations that the city railway company had agreed to extend a line to this block, and that it was practicable to extend the sewer system of the city to the block, and that the representations were untrue. These representations were of material matters of fact.

**Same — rescission by purchaser.**

2. There is evidence that plaintiff, upon discovery of the falsity of these representations, rescinded the contract *in toto*. Defendants repossessed themselves of the land.

**Same — right of action on rescission not lost by action for damages, when.**

3. The commencement of an action for damages upon a complaint that did not state a cause of action and which action was later dismissed by plaintiff does not destroy plaintiff's right of action, based on the rescission to recover the money paid by plaintiff on the purchase price.

**Statute of limitations — laches.**

4. The statute of limitations has not run and the doctrine of laches has no application to the case.

**Liability of defendants.**

5. Defendant Newhall, as president of the Finance Company, received the amount of the purchase price paid by plaintiff. He paid the money over to defendant Lewis. All parties are alike liable.

**No reversible error.**

6. Other alleged errors present no ground for reversal.

Action in the district court for Hennepin county to recover $6,629.51. Defendants' demurrers to the complaint were overruled, Steele, J., and defendants answered. The case was tried before Leary, J., who

[1] Reported in 163 N. W. 732.

at the close of the testimony denied separate motions of defendants for directed verdicts, and a jury which returned a verdict in favor of plaintiff for $8,623.13. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Edwin S. Slater,* for appellants.

*Rieke & Hamrum* and *Lancaster, Simpson & Purdy,* for respondent.

HALLAM, J.

1. In March, 1909, defendant Lewis owned a block of land bordering on Cedar lake in Minneapolis. It was valuable chiefly as urban residence property, but it was some distance from any street car line and it had no sewer connection. Defendant Finance Company was the authorized sales agent of defendant Lewis. Defendant Newhall was the president and in active management of the Finance Company. Newhall, so acting, negotiated a sale of the block to plaintiff, as trustee, for $28,500. The sum of $5,700 was paid down. The balance was to be paid in instalments. Plaintiff had some arrangements with Walter N. Carroll, by which Carroll advanced half the initial payment and was to have an interest in the land. No other parties were interested in the purchase.

Plaintiff's evidence is, that as an inducement to the contract, Newhall represented that he had an agreement with the Minneapolis Street Railway Company to extend its line to a point opposite this block within two years, that Newhall also showed him where the existing sewer ended then, and represented that it was practicable and feasible to extend the existing sewer in such manner as to drain this property. The fact appears that defendants had no agreement or understanding with the street railway company at all, and there is ample evidence that it was not practicable or feasible to extend the existing sewer system so as to drain this block. The representations, if made, were distinctly statements of fact, they were material. There was evidence that they were made to be relied on by plaintiff, that plaintiff did rely on them to his damage. The jury found for plaintiff on the issue of fraud and the evidence is sufficient to sustain the verdict.

2. Plaintiff contends that, within a short time after discovery of

137 M—24

the fraud, he rescinded the contract and demanded back the money advanced on the contract. This action is brought to recover the money so advanced. It is an action for money had and received. The jury found for plaintiff on this issue and returned a verdict for the amount claimed.

Defendant contends that plaintiff's testimony fails to make out a case of rescission. Plaintiff testified that upon discovery of the fraud he went to Newhall, and he describes the conversation as follows: "I told him the statements he had made to me had not materialized and I had reason to believe they were not correct and that I would not go on with it and wanted my money back." The specific contention of defendants is that plaintiff was speaking only for himself and not for Carroll. The language is the language of a layman and not of a lawyer, but we think it is sufficient to signify a purpose to rescind the whole contract. The contract was with plaintiff, not with Carroll. As between plaintiff and defendants, all of the obligations of the contract were upon plaintiff alone. He could surely rescind the contract *in toto*. We think his language was susceptible of a construction that he intended to do so. Plaintiff later took over whatever interest Carroll had, and he made this fact known to defendant soon after the first demand for rescission and long before the commencement of this action.

3. Defendants strenuously contend that plaintiff has barred himself of his right to bring this action by bringing two previous actions for damages. These principles are well settled: One who has been induced to enter into a contract by the fraud of the other party, has a choice of two remedies: He may stand on the contract, sue for damages in an action of deceit, or he may rescind the contract and recover what he has parted with. He cannot do both. A choice of one remedy is an abandonment of the other. The commencement of an action for rescission which fails, is no election, for, to constitute an election, there must be a real choice, that is, two courses must be really open to him, and from the fact that he has in some manner lost the right of rescission, it does not follow that his right to damages does not exist. Spurr v. Home Ins. Co. 40 Minn. 424, 42 N. W. 206; In re Van Norman, 41 Minn. 494, 43 N. W. 334; Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; International Realty & S. Corp. v. Van-

derpoel, 127 Minn. 89, 148 N. W. 895; Freeman v. Fehr, 132 Minn. 384, 157 N. W. 587.

It may be that the mere fact of bringing an action for damages for deceit does not bar his right of rescission if the action is not prosecuted to a conclusion. Many cases hold that the mere commencement of an action for damages is an election and bars subsequent rescission. Butler v. Hildreth, 5 Metc. (Mass.) 49; Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. ed. 51; Theusen v. Bryan, 113 Iowa, 496, 85 N. W. 802; Matter of Garver, 176 N. Y. 386, 68 N. E. 667; Thomas v. Watt, 104 Mich. 201, 62 N. W. 345; Crook v. First Nat. Bank of Baraboo, 83 Wis. 31, 52 N. W. 1131, 35 Am. St. 17. On this point, however, the decisions are not in harmony, some hold that there is no binding election by the commencement of an action for damages, if such action is thereafter dismissed and is not prosecuted to judgment. Baird v. Erie R. Co. 210 N. Y. 225, 104 N. E. 614; Corbett v. Boston & M. R. 219 Mass. 351, 107 N. E. 60; Huntsville B. L. & M. S. Ry. Co. v. Corpening & Co. 97 Ala. 681, 12 South. 295; First Nat. Bank v. George R. Barse L. S. Comm. Co. 198 Ill. 232, 64 N. E. 1097.

The point presented in this case is somewhat different. In this case the rescission was by acts out of court. After the rescission by plaintiff, the defendants in fact repossessed themselves of the land. These acts all antedated the actions in deceit. The complaints in both deceit actions were substantially the same. One action came on for trial. The court, on the objection of these defendants, ruled that no cause of action was stated in the complaint and sustained an objection to admission of any evidence under it. Defendants can hardly contend now that the complaint did state a cause of action. With this state of facts, we think the commencement of an action for damages on a complaint which stated no cause of action could not destroy the right of action to recover the purchase price paid which had already accrued to plaintiff by reason of a fully consummated rescission, and we find no authority for any such rule of law. Spurr v. Home Ins. Co. 40 Minn. 424, 42 N. W. 206, and Mulcahy v. Dieudonne, 103 Minn. 352, 115 N. W. 636, tend to sustain our position. See Fuller-Warren Co. v. Harter, 110 Wis. 80, 85 N. W. 698, 53 L.R.A. 603, 84 Am. St. 867; Drainage Dist. No. 1 v. Dowd, 132 Ill. App. 499.

There was no election such as to bar this action within the rules stated in Marcus v. National Council of K. & L. of S. 127 Minn. 196, 201, 149 N. W. 197.

4. The statute of limitations has not run. The doctrine of laches has no application to this case. The rescission was seasonably made. The right to recover the money paid under the contract was thereupon complete. It was recoverable in an action at law. We think the right was not abandoned or lost.

5. The evidence shows that the money received by Newhall and the Finance Company was remitted to the defendant Lewis. Newhall and the Finance Company contend that this relieves them from liability to an action for its return. We do not so understand the law. One who receives the money of another under such circumstances that in equity and good conscience he should return it, is liable to an action for money had and received. If he receives the money as agent for another, the better rule is that the action may be maintained against the agent so long as the money remains in his hands. Simmonds v. Long, 80 Kan. 155, 101 Pac. 1070, 23 L.R.A. (N.S.) 553; Garland v. Salem Bank, 9 Mass. 408, 6 Am. Dec. 86; Smith v. Binder, 75 Ill. 492; O'Connor v. Clopton, 60 Miss. 349; Pancoast v. Dinsmore, 105 Me. 471, 75 Atl. 43, 134 Am. St. 582. If he has paid the money over to his principal without knowledge or notice of the paramount right of the claimant, the action cannot thereafter be maintained against him. Shepard v. Sherin, 43 Minn. 382, 45 N W. 718; Hooper v. Robinson, 98 U. S. 528, 25 L. ed. 219; U. S. v. Pinover (D. C.) 3 Fed. 305; Cabot v. Shaw, 148 Mass. 459, 20 N. E. 99; Jefts v. York, 12 Cush. 196; Bailey v. Cornell, 66 Mich. 107, 33 N. W. 50; National Park Bank v. Seaboard Bank, 114 N. Y. 28, 20 N. E. 632, 11 Am. St. 612; Frye v. Lockwood, 4 Cow. 454; Simpson v. Garland, 76 Me. 203. But if the agent have knowledge or notice of the right of the claimant, he cannot divest himself of liability to such action by payment of the money to his principal. Alexander v. Coyne, 143 Ga. 696, 85 S. E. 831, L.R.A. 1916D, 1039; Gulf City Const. Co. v. Louisville & N. R. Co. 121 Ala. 621, 25 South. 579; Shipherd v. Underwood, 55 Ill. 475; Moore v. Shields, 121 Ind. 267, 23 N. E. 89; Hardy v. American Exp. Co. 182 Mass. 328, 65 N.

E. 375, 59 L.R.A. 731; Bocchino v. Cook, 67 N. J. Law, 467, 51 Atl. 487. See Landin v. Moorhead Nat. Bank, 74 Minn. 222, 77 N. W. 35. This is such a case.

6. Many objections are taken to the refusal of the court to give certain of defendants' requests for instructions. Some of these requests were proper enough, but we think the court fully covered the same ground in the charge. Some were properly refused. The case was fairly tried and properly submitted by the court to the jury and the verdict should not be disturbed.

One hundred dollars of the money paid Newhall was paid by one Skobamount should be credited as part of plaintiff's first payment. The amount should be credited as part of plaintiff's first payment. The amount was properly included in the recovery. Plaintiff may also properly recover the amount of taxes paid by him. There is evidence that they were paid before he really discovered the fraud. He had some intimation earlier that the representations made to him were false and with reasonable diligence made full inquiry and then rescinded. The facts developed by this inquiry were discovered after the taxes were paid.

Order affirmed.