JUDGE COFER
delivered the opinion of the court.
The appellee sued the appellant for an alleged indebtedness of $1,525 for professional services. The appellant answered, and, without denying that the services sued for had been rendered, controverted the value as claimed, and averred that the services were not worth more than $55, and his willingness that the appellee should have judgment for that sum.
On the day succeeding that on which the answer was filed the court rendered judgment for $55, “that being the amount admitted in the answer.”
On the day on which the answer was filed — but whether before or after, does not appear — the appellant caused the following notice to be served on the appellee:
“The plaintiff is notified that the defendant will allow judgment to be taken against him for the sum of $55.
“E. H. Maxwell,
“ By Stevenson & O’Hara, Att’ys.
“September 11, 1876.”
*405 At a succeeding term the appellant “moved the court to dismiss plaintiff’s action because he had taken judgment for $55, the amount confessed by defendant in his answer and upon notice, which motion was heard and overruled,” to which the appellant excepted.
A verdict and judgment having been rendered for the appellee for $745, in addition to the $55 for which judgment had been previously rendered, and the appellant’s motion for a new trial having been overruled, he prosecutes this appeal and assigns errors as follows, viz.:
1. “ The court erred in refusing to dismiss the action on the motion of the appellant made on the 20th of January, 1877.”
2. “The court erred in refusing to set aside the verdict and judgment, and grant the appellant a new trial.”
Counsel for the appellant rely on sections 703 and 708 of Myers’s Civil Code, which are the same as secs. 635 and 640 of Bullitt’s Code, to sustain the first error assigned.
Section 703 (635) provides, “In an action for the recovery of money only, the defendant having answered, may serve upon the plaintiff or his attorney an offer, in writing, that if he fails in his defense, the amount of the recovery shall be assessed at a specified sum. If the plaintiff accepts the offer, and gives notice thereof to the defendant or his attorney within five days after it was served, and the defendant fails in his defense, the judgment shall be for the amount so agreed upon. If the plaintiff does not accept the offer, he shall prove the amount to be recovered, as if the offer had not been made. The offer shall not be given in evidence or mentioned on the trial. And if the amount recovered by the plaintiff does not exceed the sum mentioned in the offer, the defendant shall recover his costs incurred in the defense, in respect to the question of amount, to be taxed under the direction of the court.”
That section applies alone to cases in which something more *406 than the mere amount of recovery is involved. The defendant must rely upon» a defense that goes to the whole action or to some item or distinct portion of it, before he can avail himself of the benefit of that section.
The offer under that section must be that “ if he (the defendant) fails in his defense, the amount of the recovery shall be assessed at a specified sum.” When the only matter in dispute is the amount of recovery to which the plaintiff is entitled, sec. 708 (640) applies, and sec. 703 (635) does not.
That section reads as follows: “After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action. Whereupon, if the plaintiff, being present, refuse to accept such confession of judgment in full of his demands; or, having had reasonable notice that the offer would be made, of its amount, and of the time of making it as the court shall deem reasonable, fail to attend, and on the trial do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer. The offer shall not be deemed to be an admission of the cause of action, or amount to which the plaintiff is entitled, nor be given in evidence on the trial.”
The offer must be made in court, either when the plaintiff is present or at a time when he has been notified that it will be made.
The record does not show that any offer to confess a judgment was ever made in court when the appellee was present, and the notice did not specify when the offer would be made.
The only offer appearing to have been made in court was that contained in the answer. If the notice had specified the time when the answer containing the offer would be filed, then it would have been a question whether the offer thus made would have been within the statute. But the notice not hav *407 ing specified the time when the offer would be made, and it not appearing that the appellee was in court, no case was presented which imposed on him the duty of electing whether he would accept the sum proposed in satisfaction of his cause of action or not, and the case stood precisely as if no notice whatever had been given; and the court had n'o right to treat the fact, that judgment was taken, as evidence that the appellee had accepted the offer in full satisfaction of his cause of action, and did not err in refusing to dismiss the residue of the action.
No ease for election having been made out, the appellee had a right to ask judgment for the amount uncontested, without thereby precluding himself from prosecuting the action to recover the residue claimed. (Sec. 410, Myers’s Code.)
The second assignment is too general to raise any question for decision.
“ Every appellant or cross-appellant must, by his assignment of errors, specify the particular errors on which he means to rely; and no others shall be alleged by the party or examined into by the court.” (Sub-sec. 1, sec. 756, Bullitt’s Code.)
The appellant in his motion for a new trial assigned eight distinct grounds. If all were well taken, then there are eight’ particular errors in the record, each of which made it the duty of the court below to grant a new trial, and there are eight grounds or particular errors which render the order overruling the motion for a new trial erroneous.
If then we may, under a general assignment “that the court erred in overruling the motion for a new trial,” inquire into any one of such errors, we may for the same reason inquire into each and all of them, and thus disregard the plain and distinct language of the section of the Code supra, and inquire into other than “ the particular error ” assigned.
Such a construction is manifestly not allowable, aud we must decline to consider any other alleged error except that already disposed of. Judgment affirmed.