JUDGE COFER
delivered the opinion of the court.
This was a suit to settle a partnership between the appellant and appellee.
The case was several times before the master, who made three reports. The accounts between the parties consist of a large number of items.
*185 Exceptions to the commissioner’s report were filed by the appellant, which called in question six items in the account as stated by the commissioner. The exceptions were overruled by the court, and the appellant has appealed, and makes the following assignment of errors:
1. The court erred in rendering judgment against the plaintiff (appellant) for the sum of $434.38, with interest thereon from the 5th day of August, 1873, until paid.
2. The court erred in confirming the report filed August 6, 1873.
3. The court erred in overruling the exceptions to «the master commissioner’s report.
“Every appellant, or cross-appellant, must by.his assignment of errors, specify the particular errors on which he means to rely; and no others shall be alleged by the party or examined into by the court.” (Subsec. 1, sec. 756, Civil Code.)
In Maxwell v. Dudley, 13 Bush, 403, we. held that, where several grounds had been alleged on a motion for a new trial, an assignment “ that the court erred in overruling the motion for a new trial” was too general, and did not authorize this court to consider any of the grounds specified in the motion for a new trial.
Applying the rule there laid down to the assignments in this case, it is obvious they are too general.
The first calls in question every decision made by the court in the progress of the case, and the second challenges every item in the report filed August 6, 1873, which-was made the basis of the judgment, and questions the correctness of the ruling of the court in regard to each item excepted to.
Some cases are of such a character that none but a general assignment can be made, as where there was a single issue of fact involved. In such cases the assignment may well be that the court erred in rendering judgment for the plaintiff, or in dismissing the plaintiff’s petition.
*186 But, in cases involving distinct issues, each separate decision complained of should.be separately assigned as error, or this court must refuse to consider it.
There being no such assignment of error in this case, the appeal must be dismissed.