## J. M. BRYANT *v.* AMERICA L. JOYCE.

**Appeals—Motion for New Trial.**
> Nothing is brought before the court of appeals in an appeal where no motion for a new trial has been made, except the pleadings, verdict and judgment, and the grounds alleged must be specific as to the errors relied upon for a reversal.

**Assignment of Errors.**
> An assignment that the verdict is against the law and the evidence will only authorize this court to consider the evidence on which the verdict is based.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 14, 1878.

OPINION BY JUDGE PRYOR:

It is now too late to question the practice of this court, established by a current of uniform decisions, as to the nature and character of the grounds on which a motion for a new trial must be heard in the court blow. Nothing is brought before this court where no motion for a new trial has been made, except the pleadings, verdict and judgment, and the grounds alleged must be specific as to the errors relied on. That the court erred in refusing or giving instructions will be deemed insufficient, or that the court permitted incompetent evidence to go to the jury, or excluded evidence that should have gone to the jury.

That the verdict is against the law and evidence will authorize this court to consider only the evidence on which the verdict is based, and if there are no valid grounds for a new trial in the court below, the defect cannot be cured by an assignment of errors. It is not assigned for error in this court that the verdict is unsustained by the evidence, and the judgment that it is erroneous, considering the exceptions regarded as error, were properly taken. It might possibly be implied that the judgment or verdict was erroneous from the exceptions made in regard to the instructions, if this had been assigned as a ground for a new trial in the court below. If under the errors assigned this court can go so far as to consider the evidence, it then results that in all the proof introduced on the issue of title, possession and boundary, there is sufficient testimony to sustain the verdict. The court below so regarded in overruling the motion for a

new trial, and that there is a conflict in this testimony there can be no doubt. The judgment is therefore *affirmed*.

*Harper v. Harper*, 10 Bush 447; *McLain v. Dibble & Co.*, 13 Bush 297; *Maxwell v. Dudley*, 13 Bush 403.

Bullock & Anderson, Barr, Goodloe & Humphrey, L. Dodd, for appellant.

Bullitt & Bullitt, Harris, for appellee.