### B. F. VEST *v.* B. W. NORMAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—317.]

**Anger no Excuse for Slander.**

It is no defense in a slander suit for the defendant to show that he was angry when he spoke the words charged.

**Motion for New Trial.**

An assignment of error that "The court erred in overruling the defendant's motion for a new trial" is not sufficient to raise any question in the Court of Appeals.

APPEAL FROM GALLATIN CIRCUIT COURT.

October 14, 1880.

OPINION BY JUDGE COFER:

There was no error in allowing the amended petition to be filed. This court reversed the former judgment because the petition was defective, and the right to amend was the same as it would have been if the court below had granted a new trial on the same ground upon which the judgment was reversed. Nor is it material that the court did not formally grant a new trial after the mandate was filed. It is usual and more regular to do so, but it is not essential; the judgment was already set aside by the reversal of this court. Nor was it necessary that a copy of the opinion be filed before proceeding under the mandate. It is not material now whether the circuit court ever saw the opinion or heard it read. The sole question is whether it has ruled the law correctly upon those points embraced by the assignment of error.

The pleading filed by the appellees after the return of this cause purported to be an amended petition. It charged the same language that was charged in the original, and merely repeated the substance of that pleading, and added the allegation for the omission of which the original was held bad. The plea of the statute should, therefore, have alleged that the words were spoken more than one year before the filing of the petition, and not that they were spoken more than one year before the amendment, which merely perfected the cause of action attempted to be set up in the original.

The third paragraph presented neither a defense nor matter of mitigation. The substance of it was that Mrs. Norman had prevailed upon his wife in his absence to give her a book; that she refused to return it, and in consequence he became very angry and said some unbecoming things to her, one of which was that she was a "damned bitch"; that he did not mean to impeach her character, but was led into the use of this most unbecoming and, as he admits, untruthful language by his great anger. We are not aware that anger is any excuse for slander, or that it is, in contemplation of law, even a mitigating circumstance, however a jury might choose to regard it.

The amended answer offered was a mere repetition of the attempt contained in the second paragraph of the answer to the amended petition to plead the statute of limitations. This disposes of all the errors assigned except the fourth, which reads as follows: "The court erred in overruling the defendant's motion for a new trial." This is not sufficient to raise any question in this court. The rule

amended in *Maxwell v. Dudley,* 13 Bush 403, applies in all its force to this case.

Judgment *affirmed.*

*W. B. & H. M. Winslow, A. J. James, for appellant.*

*J. J. Landrum, for appellees.*

[Cited, *Hillerich v. Franklin Ins. Co.,* 111 Ky. 255, 23 Ky. L. 631.]