CASE 30—ACTIONS ON POLICIES OF FIRE INSURANCE—JUNE 11.

# Hillerich, &c., v. Franklin Ins. Co. of Pa.
## Same v. Union Ins. Co. of Pa.
## Same v. Ins. Co. of North America.

APPEALS FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

INSURANCE—REFORMATION OF POLICY—ELECTION OF REMEDY.

Held: The reversal of a judgment in favor of plaintiff upon a policy of fire insurance on the ground that the policy as written did not embrace the property destroyed, leaves the case as if there had been no judgment, and plaintiff may then amend his petition, and seek a reformation of the policy on the ground of mistake, so as to make it include the destroyed property, as the mere assertion of a claim on the policy as written on the ground that it already embraced the property was not a conclusive election of remedy so as to preclude plaintiff from seeking relief on the ground of mistake.

ZACK PHELPS, W. W. THUM AND STANLEY E. SLOSS, FOR APPELLANTS.

POINTS AND AUTHORITIES.

1. Where the defendant fails to demur to an insufficient petition and the proof covers all the allegations necessary to a recovery, the defendant is not entitled to a judgment, notwithstanding the verdict, because a demurrer would have enabled plaintiff to make the correction in his pleadings, which proof shows he was able to make, and after judgment on appeal, holding petition bad, after judgment for plaintiff, defendant can not object to amendment where he failed to demur. Mast v. Lehman, 100 Ky., 464; Western Assurance Co. v. Ray & Co., 20 Ky. Law Rep., 1360; Rogers v. Felton, 98 Ky., 148; Daniel v. Holland, 4 J. J. M., 18; Wilson v. Hunt, 6 B. Mon., 369; Bond v. Logan, 21 Ky. Law Rep., decided March 17, 1900.

2. Unless the parties know their rights at the time of filing the petition, there can never be an election precluding them from seeking some other form of relief. Dixon v. Patterson, 106 U. S., 584; Nyswander v. Lowman, 24 N. E., 355, 124 Ind., 584; Milling Co. v. Walsh, 20 Mo. App., 107; Johnson v. Brinkman, 16 Mo., 558, 22 S. W., 813; Thomas v. Bland, 91 Ky., 1; Standard Oil Co. v. Hawkins, 74 Fed., 395; Spur v. Commercial Union, 42 N. W., 207, 40 Minn., 428; Spur v. Home Ins. Co., 42 N. W., 206, 40 Minn., 424; Coleman v. Ross, 4 B. M. 268; L. & N. v. Cooper, 56 S. W., 145; Vest v. Norman, 1 Ky. Law Rep., 317; Wybrant v. Fidelity, 9 Ky. Law Rep., 106; Hanning v. Bassett, 12 Bush, 361; Detroit Heating & Lighting Co. v. Stevensboro, 58 Pac., 193; Union Central Life Ins. Co. v. Phillips, 102 Fed., 19; Neal v. Neal, 9 Wall., p. 1; Crockett v. Lee, 7 Wheaton, 522.

Nor does it then constitute an election precluding another suit for a different sort of relief means the first suit has been prosecuted to a final judgment, and no further steps can be taken in it. That is the precise status of this case, and in the following cases, just like the present suits, where no final judgment had been rendered at law, equitable actions, by new pleadings were allowed. Thomas v. Bland, 91 Ky., 1; Spurr v. Commercial Union, 42 N. W., 207; Same v. Home Ins. Co., 42 N. W., 206; Coleman v. Ross, 4 B. Mon., 268; Detroit, &c., v. Stevensboro, 58 Pac., 193; Union Central v. Phillips, 102 Fed., 19.

GIBSON, MARSHALL & GIBSON, for appellees.

This is the second appeal taken in these cases, a decision having been rendered by this court and reported in 20 Ky. Law Reporter, page 1703.

On September 25, 1895, the appellants instituted separate actions against the appellees upon several policies of insurance

issued by them, setting forth the specific language of description contained in each and alleging that the property owned by them which was destroyed by fire was contained in a "frame addition" to a brick metal-roof building, situated at No. 216 on the west side of First street, between Main and Market streets, in Louisville, Ky.

The appellees denied that the property destroyed was in the frame addition at the time of the fire, but after a trial and verdict judgments were entered in the lower court in favor of the present appellants for the full amount insured by the several policies.

At the trial it was proved that the property destroyed was in a detached building not connected with the brick described in the policies, and upon the appeal taken by the insurance companies it was held that the several verdicts rendered were flagrantly against the evidence and that the policies could not be held to embrace the separated building, and all of the judgments were reversed and causes remanded for proceedings consistent with the opinion rendered by this court.

Upon return to the lower court, appellants tendered amended and supplemental petitions setting forth that it was the intention to insure the property contained in the detached building, and in equity prayed for a reformation of the policies to establish a different contract from that set forth in the original petitions. After full hearing the lower court overruled the motion to file the amended pleadings and entered judgment dismissing the several original petitions. The appellants prayed an appeal from these judgments, and the amended pleadings are incorporated in the bill of exceptions.

We contend that appellants, after having litigated their right under one contract, can not come in and invoke the equity jurisdiction of the court to establish another and an entirely different contract. Such a proceeding would not only be inconsistent with the decision of this court, but would be opposed to every principle of pleading that establishes the doctrine of election and declares against a variance and departure from the cause of action originally sued upon.

### AUTHORITIES CITED.

Joyce on Insurance, vol. 4, sec. 3515; Wood on Insurance, sec. 509; Washburn v. Great Western Ins. Co., 114 Mass., 175; Steinbach v. Relief Fire Ins. Co., 12 Hun. Sup. Ct., N. Y., 643; Nyswander v. Lowman, 124 Ind., 584; Detroit Heating & Lighting Co. v. Stevens, 58 Pac. Rep., 193; Spurr v. Home Ins. Co., 40 Minn., 424; Joslin v. Thomas, 36 Minn., 1.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

The same question is presented by each of the three records. Suit was brought upon policies of insurance issued by each of the three appellees upon "the brick, metal-roof building, including frame addition, situate No. 216, on the west side of First street, between Main and Market streets, Louisville, Ky.," with a stipulation for other sums of insurance on machinery and material, "all while contained in the above-described building." On lot No. 216 there was a brick building. Back of it, and attached thereto, was a frame addition. The material destroyed was in a building situate on the back of an adjoining lot entirely disconnected from the building on lot No. 216. The words "including frame addition" were shown to have been added to the policies at the suggestion of an agent of the appellees after their delivery. The plaintiffs obtained verdicts, but upon appeals to this court the judgments were reversed (Insurance Co. v. Hillerich, 20 R. 1703 49 S. W., 1066), the court holding that the policies, as originally written, included only the brick building, and that it was clear that the correction embraced only the frame addition, making it a continuous structure; that the policies could not be held to embrace the separate building; and that the verdicts must be held to be flagrantly against evidence. The court then continued: "If appellees had brought suit to reform the contract of insurance, the question of intention as to what property was to be covered would have arisen, and the chancellor might have corrected the policy, if he deemed the evidence of mistaken omission to be sufficient. But in this action on the policy as written, and without any allegation of fraud or mistake, the intention of the patries must be construed by the policy itself." It was averred in the original petition that the policies were intended to and

did include the building which was burned and its con-
tents, and that the addition to the policy, "including frame
addition," was made for the purpose of covering it.    There
was evidence tending to support this averment.

After the return of the case to the circuit court, an
amendment entitled a "reformed petition" was filed, and
on motion of the appellants, the cases were transferred to
the equity side of the docket.    Subsequently, on motion of
the appellees, these orders were set aside, the reformed and
supplemental petitions were stricken from the files, the ap-
pellants declined to plead further, and their petitions were
dismissed.    The reformed and supplemental petitions al-
leged that the appellee companies contracted to insure and
did insure the detached frame building on the rear adjoining
lot, and that in writing up the policies, by mistake of the
agent of the companies, the detached buildings and con-
tents were omitted from the policies.

On behalf of appellee companies, it is insisted that the
judgment of the trial court  was    proper, for the reason that
appellants had litigated their right under the contract as
written, and, having done so, could not invoke the equity jur-
isdiction of the court to establish and enforce   another   and
different contract; that by going to trial and judgment, a con-
clusive election of remedy was made, and the right of equit-
able reformation or rescission was waived.    In support of
this proposition, a number of text writers and adjudged
cases are cited, which are, in general, to the effect, as stat-
ed in Wood, Ins., section 509, that: "Where a party has
brought an action at law, and prosecuted it to a judgment,
and a judgment is rendered against him thereon, he can-
not subsequently bring proceedings in equity to reform the
contract.   Having elected to pursue his remedy upon the
policy at law, he thereby elects to treat it as embodying

the contract, and can not subsequently deny the fact." To the same effect are: 4 Joyce, Ins., section 3515; Washburn v. Insurance Co., 114 Mass., 175; Steinbach v. Insurance Co., 12 Hun, 643. Both the text writers and the judicial opinions cited seem to base the proposition here relied on upon the fact of final adjudication upon the contract as originally set up, and in fact the case of appellees is argued as if the doctrine of *res judicata* applies, and particular attention is called to the fact that in the cases cited a final judgment had been pronounced against the right to recover upon the contracts as written. It must be borne in mind that, although there was a final judgment upon the right of recovery in these cases, that judgment no longer exists, having been reversed and set aside at the instance of the appellees. The cases stand now as if there had been no verdict or judgment. There is no longer any estoppel by judgment. It might very well be that, if the judgment had been against appellants, they would be estopped not only from setting up any claim under the contracts as they were written, but also any claim for relief under the same contracts as they should have been written; but these cases, in our opinion, stand exactly as they would have stood had demurrers been interposed and sustained by the trial court to the original petitions. The question, and the sole question, is whether the mere assertion of a claim upon the ground that it is covered and included in a contract as written is so inconsistent with a claim that the contract be so reformed as to include and cover such relief as to make it a conclusive election of the remedy, and bar the plaintiff of any right to seek relief upon the ground of mistake in the drawing of the written contract. We think the weight of authority is against the conclusiveness of the election. In Nyswander v. Lowman, 124 Ind., 584 (24 N.

E., 355), suit was brought for rescission of a contract of exchange because of false representation as to value of stock to be delivered in the trade, but before answer was filed an amendment was tendered changing the relief sought to damages occasioned by the fraudulent representation. Said the court: "Where there is no election compelled by the action of the adverse party, and nothing more is done than to file a complaint for rescission, and in the same pro-ceeding so amend it as to make it a complaint for damages, there is no such act or conduct as concludes the plaintiff." In the case of Lighting Co. v. Stevens (Utah), 52 Pac., 379, suit was brought to recover a balance upon the contrract price of a heater. The defendant insisted that the contract had been rescinded. Judgment in favor of the defendant was reversed on the ground that defendant had accepted the heater. After reversal, the trial court refused to al-low the defendant to amend, seeking damages for breach of warranty in the contract; but the court of appeals again reversed, holding that there was no election. Said the court: "A mere attempt to claim a right or pursue a remedy to which a party is not entitled, and without ob-taining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had claimed or resorted to. The act of the defendant in choosing to proceed to a trial upon an issue not raised by the pleadings, and in which a recovery was impossible, de-serves criticism. Yet we can not see our course sufficiently clear, under the authorities, to deny him a right to be heard upon the issue as framed by the proposed amended plead-ing, upon which he has never had a trial, because he at-tempted to claim a right or pursue a remedy to which he was not entitled." So, in Spurr v. Insurance Co., 40 Minn., 424 (42 N. W., 206), the syllabus reads: "The mere com-

mencement of an action for damages for breach of a written contract, the action being afterwards dismissed without a determination on the merits does not conclusively bar a subsequent action for reformation of the contract." The court, in its opinion, said: "This is an action to reform a policy of insurance, and to recover upon the same as reformed. It is urged on the part of the respondent that the plaintiffs can not maintain this action, because prior to its commencement they had commenced an action to recover upon the policy now sought to be reformed. The doctrine of election as between inconsistent remedies is relied upon. We think that the conclusion of the learned judge of the district court adverse to the respondent was correct. The former action was dismissed without any final determination." And again, referring to Thomas v. Joslin, 36 Minn., 1 (29 N. W, 344.), the court said: "The former action had proceeded to a judgment for the defendant on the merits. It is said in the opinion, with reference to the right of the plaintiff to maintain the subsequent action for reformation, that 'in such cases the plaintiff should take a dismissal in the nature of a non-suit before final submission on the merits.'" It must be borne in mind that this case would have stood in the same condition as Thomas v. Joslin if a judgment upon the merits stood unreversed against the appellants here. There was a final judgment upon the merits in appellants' favor. That judgment has been set aside and held for naught. So far as that judgment avails, it is as if it had never been. Milling Co. v. Walsh 20 Mo. App., 107; Johnson-Brinkman Commission Co. v. Central Bank of Kansas City, 16 Mo., 558 (22 S. W., 813); Oil Co. v. Hawkins (C. C.), 74 Fed. 396. In Railroad Co. v. Cooper (19 Ky. Law Rep., 1152), (42 S. W., 1134), suit was brought upon a contract for the delivery of freight. The

written contract contained an exemption from liability beyond the carrier's lines, and, the plaintiff having recovered, his judgment was reversed. After the reversal, the pleadings were amended, and plaintiff relied upon an oral contract of affreightment, claiming that his signature to the written contract relied on in defense was obtained by fraud and duress of circumstances. A judgment in his favor was affirmed. Vest, v. Norman, 1 Ky. Law Rep., 317, where it was held that, after a reversal on account of defective pleadings, "the right to amend is the same as it would have been if the court below had granted a new trial on the same ground upon which the judgment was reversed." There is no such inconsistency between a claim that the burned building was intended to be and was covered by a policy of insurance, and a claim that stipulations were by mistake omitted from the policy, which would beyond doubt have made that instrument embrace the destroyed building, as estopped the claimant from setting up the latter contention by amendment. For the reasons given, the judgment is reversed, and cause remanded, with directions for further proceedings consistent herewith.

Petition for rehearing by appellee overruled, whole court sitting.